**Sidney W. ROSEN and Lorraine S. Rosen, Petitioners, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

No. 79–1305.

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1979.

Decided Jan. 4, 1980.

Andrew Shabshelowitz, Fall River, Mass., for petitioners, appellants.

Gayle P. Miller, Atty., Tax Div., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., and Gilbert E. Andrews and Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D. C., were on brief, for respondent, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and BONSAL, Senior District Judge.*

BONSAL, District Judge.

Mr. and Mrs. Sidney Rosen, the appellants, appeal from a decision of the Tax Court. The facts were stipulated to by the parties and need not be repeated in detail here. Mr. and Mrs. Rosen owned real property in Fall River, Massachusetts. On December 20, 1972, they made a gift of the property to the City of Fall River and claimed as a charitable deduction the value of the property, viz., $51,250, on their joint 1973 federal income tax return. On April 30, 1973, the City of Fall River concluded that it could not use the Rosens' property and returned it to them. On June 20, 1973, the Rosens made a gift of all except a small part of the property to the Union Hospital of Fall River, Inc., placing a value on the property of $48,000, which they took as a charitable deduction on their joint 1974 fed-

eral income tax return. On August 27, 1974, the Hospital, finding it could not use the property, transferred it back to the Rosens.

The Tax Court, applying the "tax benefit rule," held that since the Rosens had taken charitable deductions when they transferred the property, they were required to treat the value of the property, upon its return, as income in the year in which it was returned. We affirm.

The tax benefit rule provides that if a taxpayer receives a deduction for a charitable contribution in one taxable year and recoups that donation in a later year, the value of the contribution, on recoupment, is treated as income in the year in which it was recouped. See, e. g., Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 505–06, 64 S.Ct. 239, 88 L.Ed. 248 (1943); Burnet v. Sanford & Brooks Co., 282 U.S. 359, 365–66, 51 S.Ct. 150, 75 L.Ed. 383 (1931); United States v. Rexach, 482 F.2d 10, 24 (1st Cir. 1973). Cf. Healy v. Commissioner of Internal Revenue, 345 U.S. 278, 284–85, 73 S.Ct. 671, 97 L.Ed. 1007 (1953). This rule was applied by the Court of Claims to conveyances of real estate in Alice Phelan Sullivan Corp. v. United States, 381 F.2d 399, 402, 180 Ct.Cl. 659 (1967). See also Perry v. United States, 160 F.Supp. 270, 271, 142 Ct.Cl. 7 (1958).

The Rosens contend that the tax benefit rule does not apply because they did not retain a right of reversion in the event that the property was not used for the charitable purpose for which it was given. Consequently, say the Rosens, the return of the property was not a recoupment but in each case was a gift made to them by the City and by the Hospital and thus not taxable to them.

However, the application of the tax benefit rule does not depend on whether the taxpayers retained a right of reversion. As pointed out in Tennessee-Carolina Transportation v. Commissioner of Internal Revenue, 582 F.2d 378, 382 (6th Cir. 1978):

* Of the Southern District of New York, sitting by designation.

The tax benefit rule should be applied flexibly in order to counteract the inflexibility of the annual accounting concept which is necessary for administration of the tax laws. The rule should apply whenever there is an actual recovery of a previously deducted amount *or* when there is some other event inconsistent with that prior deduction. (Emphasis in the original.)

Thus, the rationale of the rule is that if the Rosens received a tax deduction in the year in which the conveyance was made and thereafter the property was returned to them, they were subject to taxation to the extent of the value of the property returned, up to the amount of the charitable deduction previously taken. "[T]he principle is well engrained in our tax law that the return or recovery of property that was once the subject of an income tax deduction must be treated as income in the year of its recovery." *Alice Phelan Sullivan Corp. v. United States,* 381 F.2d at 401.

*Appellants' petition is dismissed.*