**Allen P. UNVERT and Catherine R. Unvert, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 79–7602.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1981.

Decided Sept. 14, 1981.

Rehearing and Rehearing En Banc Denied Nov. 6, 1981.

under the most compelling circumstances. *See Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).

Donn Kemble, Newport Beach, Cal., for appellants.

Melvin Clark, Jr., Washington, D. C., argued, for appellee; Michael L. Paup, Washington, D. C., on brief.

Before WRIGHT, SCHROEDER, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Taxpayers appeal from a decision of the Tax Court holding that money paid toward the purchase of condominiums in 1969 and deducted as an interest expense in that year must be treated as income under the tax benefit rule when recovered in 1972. The taxpayers contend that the erroneous deduction exception to the tax benefit rule applies. We affirm.

## FACTS

On December 31, 1969, Allen Unvert paid $54,500 to U. S. Financial Corp. towards the purchase of condominiums. He was told that the payment represented deductible prepaid interest and that the paperwork regarding the purchase would be completed in March 1970. Unvert deducted the $54,500 for calendar year 1969 as an interest expense.

Unvert claimed additional operating expense deductions in 1970 and 1971, although he was never given any documents reflecting the terms of the purchase. In June 1971, he requested the documents from U. S. Financial. In May 1972, it agreed to return without interest the $54,500 paid in December 1969.

Unvert obtained an extension of time until October 15, 1973, to file his 1972 return but did not then include as income the funds returned by U. S. Financial. The statute of limitations on the 1969 return ran on April 15, 1973. In August 1973, the IRS concluded an audit of Unvert's 1970 and 1971 returns, recommending that the condominium-related expenses be disallowed because Unvert was never the legal owner of the condominiums.

In June 1976, the Commissioner issued a notice of deficiency for 1972 of $44,405, on the basis that the $54,500 recovered in 1972 was taxable income under the tax benefit rule. Unvert petitioned to contest the deficiency in the Tax Court, which held for the Commissioner. *Unvert v. Commissioner*, 72 T.C. 807 (1979).

## DISCUSSION

■ The tax benefit rule is a judicially created doctrine providing that a taxpayer

who deducts an expenditure in one year resulting in a reduction of taxable income must include in income any recovery of that expenditure in a later year. *See National Bank of Commerce v. Commissioner*, 115 F.2d 875, 877 (9th Cir. 1940); Bittker and Kanner, *The Tax Benefit Rule*, 26 U.C.L.A. L.Rev. 265 (1978).

Unvert challenges application of the rule in the present case on the basis of Tax Court cases holding that it does not apply where the original deduction was improper. *See Streckfus Steamers, Inc. v. Commissioner*, 19 T.C. 1 (1952); *Canelo v. Commissioner*, 53 T.C. 217, 226–27 (1969), *aff'd on other grounds*, 447 F.2d 484 (9th Cir. 1971) (issue not raised in taxpayer's appeal).

The Tax Court held that *Streckfus* and *Canelo* were distinguishable from the present case because in neither had the taxpayer changed his position with respect to the propriety of the earlier deduction. The court held that Unvert had a duty of consistency and was estopped from contending that the deduction he had previously claimed was improper. *Unvert*, 72 T.C. at 813–16. Unvert contends that the present case is indistinguishable from *Streckfus* or *Canelo* and that he was guilty of no misrepresentation justifying estoppel.

■ Because we affirm on the basis that the erroneous deduction exception should be rejected, we do not consider the Tax Court's estoppel theory.[1]

The logic of the erroneous deduction exception is that an improper deduction should be corrected by assessing a deficiency before the statute of limitations has run, not by treating recovery of the expenditure as income. This rationale was explained most comprehensively in *Canelo*:

We realize that petitioners herein have received a windfall through the improper deductions. But the statute of limitations requires eventual repose. The "tax benefit" rule disturbs that repose only if respondent [the Commissioner] had no cause to question the initial deduction,

that is, if the deduction was proper at the time it was taken. Here the deduction was improper, and respondent should have challenged it before the years prior to 1960 were closed by the statute of limitations.

53 T.C. at 226–27.

■ We find this unpersuasive. Prior decisions under the tax benefit rule state clearly that inclusion of the recovery as income does not reopen the tax liability for the prior year and does not implicate the statute of limitations.

Income tax liability must be determined for annual periods on the basis of facts as they existed in each period. When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs. No other system would be practical in view of the statute of limitations, the obvious administrative difficulties involved, and the lack of finality in income tax liability, which would result.

*First Trust & Savings Bank v. United States*, 614 F.2d 1142, 1145 (7th Cir. 1980) (quoting *Block v. Commissioner*, 39 B.T.A. 338 (1939) (emphasis omitted)). *Accord, Rosen v. Commissioner*, 611 F.2d 942, 944 (1st Cir. 1980); *Munter v. Commissioner*, 63 T.C. 663, 678–79 (1975) (Tannenwald, concurring); Bittker, 26 U.C.L.A.L.Rev. at 267–72. In holding that the tax benefit rule required inclusion of recovery only to the extent the deduction resulted in a tax saving in the prior year, the Supreme Court noted:

The Tax Court has not attempted to revise liability for earlier years closed by the statute of limitation, nor used any expense, liability, or deficit of a prior year to reduce the income of a subsequent year. It went to prior years only to determine the nature of the recovery, whether return of capital or income. Nor

---

1. This court may affirm on any basis squarely presented by the record. *See Shipley v. United States*, 608 F.2d 770, 773–74 (9th Cir. 1979).

has the Tax Court reopened any closed transaction; it was compelled to determine the very question whether such a recognition of loss had in fact taken place in the prior year as would necessitate calling the recovery in the taxable year income rather than return of capital. *Dobson v. Commissioner*, 320 U.S. 489, 493, 64 S.Ct. 239, 242, 88 L.Ed. 248 (1943).

Unvert attempts to provide a more fully reasoned justification for this exception. He argues that whether the recovery of a previous expenditure is taxable depends on its character as income or a return of capital. This character, he contends, is determined from the inherent characteristics of the transaction, not whether the taxpayer originally deducted the expenditure. *See* Bishop, *The Tax Benefit Rule After Unvert: Does it Compromise the Statute of Limitations*, 51 J.Tax 272, 273 (1979). The Commissioner does not contest that the 1969 deduction was improper because the expenditure was capital. Unvert argues that the Commissioner has attempted to recoup the 1969 deduction by improperly recharacterizing the recovery as income rather than correctly treating it as a nontaxable return of capital.

■ This argument is unpersuasive. The decisions creating and applying the tax benefit rule make clear that the recovery must be taxed because it previously created a tax benefit, not because of the inherent characteristic of the recovery.

> [T]o the extent of deductions taken, a debt loses its nature as capital and takes on the character of the untaxed income which the deduction represents.

*West Seattle National Bank v. Commissioner*, 288 F.2d 47, 49 (9th Cir. 1961); *accord, National Bank of Commerce v. Commissioner*, 115 F.2d 875, 876–77 (9th Cir. 1940).

■ The erroneous deduction exception is also poor public policy. A taxpayer who properly claims a deduction for an expenditure that is recovered in a later year must treat the recovery as income, while one who claims an improper deduction may not be required to include the recovery as income only because of the impropriety of the deduction. We agree with the Second Circuit that improperly taken tax deductions should not be rewarded.

> We need in this case to concern ourselves with the theory advanced that when ... a deduction has improperly been claimed and allowed, no part of such deduction when collected can be included in income. It is obvious that if this is so a taxpayer who gets an unlawful deduction in this way not only cuts down his taxable income in the year the deduction is taken, but gets immunity from income taxation on the account receivable which was deducted whenever it, or any part of it, is received. A result so unjust is not to be reached unless plainly required by law.

*Askin & Marine Co. v. Commissioner*, 66 F.2d 776, 778 (2d Cir. 1933) (court avoided erroneous deduction exception through estoppel theory).

At least three circuits have implicitly rejected or criticized the erroneous deduction exception. *See Union Trust Co. v. Commissioner*, 111 F.2d 60, 61 (7th Cir.), *cert. denied*, 311 U.S. 658, 61 S.Ct. 12, 85 L.Ed. 421 (1940); *Kahn v. Commissioner*, 108 F.2d 748, 749 (2d Cir. 1940); *Askin & Marine Co. v. Commissioner*, 66 F.2d 776, 778 (2d Cir. 1933); *Commissioner v. Liberty Bank & Trust Co.*, 59 F.2d 320, 325 (6th Cir. 1932).

AFFIRMED.[2]

---

2. As noted previously, the Tax Court held that the erroneous deduction exception did not apply on the basis that the taxpayer was estopped from claiming that the prior deduction was improper. *Unvert*, 72 T.C. at 813–16. We do not decide whether that approach was a sufficient basis to find for the Commissioner. We believe the Tax Court's approach is inferior to rejecting the erroneous deduction exception outright because it would involve courts in more complex case-by-case adjudication.

The Tax Court held that a taxpayer is estopped by deliberate or unintentional misrepresentations of *fact*. The taxpayer is invited to argue that the mistake upon which the deduction was based was one of law. *Id.* at 816.

The principal case relied upon by the Tax Court suggests also that the taxpayer could argue that the IRS should have known the

deduction was improper. *See Mayfair Minerals, Inc. v. Commissioner*, 56 T.C. 82, 89–91 (1971), *aff'd per curiam*, 456 F.2d 622 (5th Cir. 1972).

It may be open to debate whether it is the taxpayer or the Commissioner who has changed position. *See* Bishop, 51 J.Tax at 274.

Finally, if the erroneous deduction exception is retained in any form, there always will be inquiry as to whether the original deduction was erroneous. In this sense, the erroneous deduction exception actually undermines the policies of the statute of limitations.