MICHAEL J. DAVOLI AND JACKIE ANN DAVOLI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davoli v. Commissioner
Docket No. 8200-91
United States Tax Court
T.C. Memo 1994-326; 1994 Tax Ct. Memo LEXIS 334; 68 T.C.M. (CCH) 104; July 18, 1994, Filed *334 Decision will be entered under Rule 155. For petitioners: Susan Slagle. For respondent: William R. McCants. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioners' 1986 and 1987 Federal income taxes as follows: Year
Deficiency
Addition to the Tax 1986
$ 17,073
$ 4,268
1987
38,692
9,673
The issues for decision are: (1) Whether petitioners are entitled to Schedule C deductions of $ 37,442 and $ 36,138 for the taxable years 1986 and 1987, respectively; (2) whether petitioners are liable for income tax on $ 64,508 received in 1987 as reimbursement of employee business expenses; and (3) whether petitioners are liable for the substantial understatement addition to tax under section 6661. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. We incorporate by reference the stipulation of facts and attached exhibits. Petitioners were husband and wife and resided in Jacksonville, Florida, at the time their petition *335 was filed. During the years in issue, petitioner Michael J. Davoli (petitioner) was an executive vice president and a member of the board of directors of the George Washington Life Insurance Company (the Company). In the course of his employment, petitioner traveled extensively and entertained insurance agents. Petitioner paid for the costs of these activities himself and then submitted a record of his expenses to the Company for reimbursement. The Company's policy was to reimburse employees for travel, entertainment, and meal expenses they incurred. High-level employees, like petitioner, were expected to pay for some expenses, particularly club dues and entertainment of clients at home, for which they would not be entitled to reimbursement. Employees were typically reimbursed promptly for expenses they incurred; however, the Company occasionally had cash shortages during the years in issue. During these periods, John H. Wilbur, the president of the Company, sometimes would ask the accounting department of the Company to take appropriate actions to restrict cash outflow. When this occurred, the accounting department typically would ask employees to postpone submitting expense *336 reports for a few months. The Company experienced cash shortages during 1986 and 1987, and petitioner occasionally was asked to postpone submission of his expense reports. On September 30, 1987, petitioner and the Company entered into a "deferred expense reimbursement agreement", which provided that petitioner would be reimbursed for expenses incurred after September 30, 1987, on a date designated by his election. Petitioner elected to receive those reimbursements on January 2, 1988. Petitioners filed joint Federal income tax returns for the years 1983-1987. For the taxable years 1983, 1984, and 1985, petitioners deducted travel, entertainment, and other expenses attributable to petitioner's employment with the Company on their Schedules C. Petitioner did not request reimbursement of these expenses until 1987, at which time he received $ 64,508.15 in reimbursement. With respect to the reimbursements received in 1987, $ 5,680.90 was attributable to expenses incurred and deducted in 1983 and 1984, and the remaining $ 58,827.25 ($ 64,508.15 - $ 5,680.90) was attributable to expenses incurred and deducted in 1985. The reimbursements totaling $ 64,508.15 were not reported as income *337 on petitioners' 1987 return. In 1988, petitioners were audited for the 1985 taxable year, resulting in a reclassification of claimed Schedule C expenses to employee business expenses. Respondent did not disallow any of the expenses or alter petitioners' 1985 tax liability. On their joint returns in 1986 and 1987, petitioners claimed travel, entertainment, and other business expenses on their Schedules C. Respondent disallowed the deductions in full on the theory that the expenses were employee business expenses to which petitioner was entitled to reimbursement from the Company. Respondent also determined that petitioner received reimbursements in 1987 for employee business expenses that had been incurred and deducted on petitioners' 1983, 1984, and 1985 income tax returns. Accordingly, respondent increased petitioners' taxable income in 1987 by the amount of the reimbursements. OPINION Deduction of Employee Business Expenses
Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," including a trade or business as an employee. However, a trade or business expense deduction *338 is not allowable to an employee to the extent that the employee is entitled to reimbursement from his or her employer for an expenditure related to his or her status as an employee. Heidt v. Commissioner, 274 F.2d 25 (7th Cir. 1959), affg. T.C. Memo. 1959-31; Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982); Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955). Petitioner has conceded that he was an employee of the Company during the years in issue despite the fact that he claimed business expenses on Schedules C. Petitioners state that they consistently used a method of accounting that treated reimbursements as income and expenses as a deduction. They contend that they are entitled to deduct expenses in the year incurred if reimbursement is not received until a later year. We can find no authority, however, that would permit petitioners to take deductions for expenses that would be reimbursed by the Company either currently or *339 in a subsequent year. Where a taxpayer has an agreement that he will be reimbursed for his expenses, such expenses are in the nature of loans or advances and may not be deducted as business expenses. Flower v. Commissioner, 61 T.C. 140, 152 (1973), affd. without published opinion 505 F.2d 1302 (5th Cir. 1974); Patchen v. Commissioner, 27 T.C. 592, 600 (1956), affd. in part and revd. in part 258 F.2d 544 (5th Cir. 1958). This rule has been followed even when the right to reimbursement was contingent or when the taxpayer is not entitled to receive reimbursement until a later taxable year. Flower v. Commissioner, supra at 152-53; Burnett v. Commissioner, 356 F.2d 755, 760 (5th Cir. 1966), remanding 42 T.C. 9 (1964). The rationale for not allowing a deduction is that, since reimbursement is available from the entity for whom the costs were paid, the expenses are not a necessary cost to the taxpayer and are therefore not deductible under section 162(a). Orvis v. Commissioner, T.C. Memo. 1984-533, *340 affd. 788 F.2d 1406 (9th Cir. 1986). Petitioner was not entitled to deduct those employee business expenses incurred in 1986 and 1987 for which reimbursement was available from the Company. Accordingly, we sustain respondent on this issue. Petitioner argues that a portion of the deductions at issue is attributable to expenses that the Company would not reimburse; namely, club dues, entertainment of business clients at home, telephone expenses, automobile repairs, and the cost of gas, oil, and grease. However, other witnesses testified that petitioner's salary was adjusted so as to compensate for some of these expenses, and the evidence regarding the Company's reimbursement policy for several of the items was conflicting. In view of the fact that the evidence with regard to these expenses was unclear and that petitioner failed to prove that any of these expenses constituted ordinary and necessary business expenses, we hold that petitioners are not entitled to deductions for any of these expenses. As respondent has been sustained on the only issue affecting petitioners' 1986 taxable year, computational adjustments as determined by respondent should be *341 made to petitioners' sales tax and medical expense deductions for that year. Reimbursements Received in 1987
Respondent argues that petitioners must include in income in 1987 reimbursements totaling $ 64,508.15 received in 1987 for expenses incurred and deducted on petitioners' returns in 1983, 1984, and 1985. Respondent makes three arguments with respect to the reimbursements. Respondent contends that section 61(a) requires that the reimbursements be included in income as that section provides that gross income includes all income from whatever source derived, unless specifically excluded by another provision of the Internal Revenue Code. This argument is inconsistent with both respondent's stance on the previous issue and the Commissioner's published position: Travel expenditures incurred at the close of one taxable period, even though they would otherwise be allowable under section 162(a)(2) of the Code, may not be deducted because of the expectation of reimbursement. Also, the reimbursement that is received in the following taxable period would not be includible in income. * * * * * * Accordingly, the reimbursements in question are not includible in gross income, *342 and no deductions are allowable for the reimbursed expenses under section 162 of the Code even if reimbursement does not occur until a later year. * * * [ Rev. Rul. 80-348, 1980-2 C.B. 31; citations omitted.]
While petitioners should not have claimed deductions for the expenses in years 1983-85, those years are not before us. The principle that reimbursable expenses are not deductible and subsequent reimbursements are not includable in gross income is not circumvented by petitioners' mistake. Respondent argues alternatively that the tax benefit rule requires that the reimbursements be included in petitioners' income in 1987. The tax benefit rule provides that amounts deducted from income in one year must be included in income if recovered in a later year. Hillsboro Natl. Bank v. Commissioner, 460 U.S. 370, 383 (1983). However, the tax benefit rule is applicable only where the original deduction was proper under applicable law; it does not allow the Commissioner to increase a taxpayer's income by the amount of a deduction taken improperly in a year now closed by the statute of limitations. Southern Pacific Transportation Co. v. Commissioner, 75 T.C. 497, 559 (1980); *343 Unvert v. Commissioner, 72 T.C. 807 (1979), affd. on other grounds 656 F.2d 483 (9th Cir. 1981); Mayfair Minerals, Inc. v. Commissioner, 56 T.C. 82, 87-88 (1971), affd. per curiam 456 F.2d 622 (5th Cir. 1972); Canelo v. Commissioner, 53 T.C. 217, 226 (1969), affd. 447 F.2d 484 (9th Cir. 1971); Streckfus Steamers, Inc. v. Commissioner, 19 T.C. 1, 8 (1952). The rationale for this exception is, as explained in Canelo v. Commissioner, supra at 226-27: the statute of limitations requires eventual repose. The "tax benefit" rule disturbs that repose only if respondent had no cause to question the initial deduction, that is, if the deduction was proper at the time it was taken. Here the deduction was improper, and respondent should have challenged it before the years prior to 1960 were closed by the statute of limitations. * * *
We note that several Courts of Appeals have criticized or rejected the erroneous deduction exception to the tax *344 benefit rule. See Unvert v. Commissioner, supra at 483; Union Trust Co. v. Commissioner, 111 F.2d 60 (7th Cir. 1940); Kahn v. Commissioner, 108 F.2d 748 (2d Cir. 1940); Askin & Marine Co. v. Commissioner, 66 F.2d 776 (2d Cir. 1933); Commissioner v. Liberty Bank & Trust Co., 59 F.2d 320 (6th Cir. 1932). The parties have not indicated, and our research has not revealed, any case in the Court of Appeals for the Eleventh Circuit, to which the instant case is appealable, rejecting the erroneous deduction exception. Nor did the former Court of Appeals for the Fifth Circuit reject the exception in Mayfair Minerals, Inc. v. Commissioner, supra; the Court of Appeals for the Eleventh Circuit follows decisions of the Court of Appeals for the Fifth Circuit that predate the creation of the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981). Therefore, we shall continue to adhere to our prior holdings. See Golsen v. Commissioner, 54 T.C. 742 (1970), *345 affd. 445 F.2d 985 (10th Cir. 1971). Respondent's second alternative argument is that petitioners must include the reimbursements in their 1987 income under the "duty of consistency". Generally, the duty of consistency, which is sometimes referred to as "quasi-estoppel," negates the erroneous deduction exception to the tax benefit rule. Southern Pac. Transp. Co. v. Commissioner, supra at 559. If the duty of consistency applies, the taxpayer will realize income in a later year under the tax benefit rule even though the deduction in the earlier year was improper. Id. at 560; Unvert v. Commissioner, supra at 814; Mayfair Minerals, Inc. v. Commissioner, supra at 89. The application of the doctrine requires the presence of three elements. Beltzer v. United States, 495 F.2d 211, 212 (8th Cir. 1974). The elements are as follows: (1) The taxpayer has reported or made a representation with respect to an item for tax purposes in one year; (2) the Commissioner has acquiesced in or relied upon *346 the report or representation made by the taxpayer in that year; and (3) the taxpayer attempts to change the report or representation in a later year after the statute of limitations bars any adjustment for the initial year. While neither petitioners nor respondent address the application of these elements to the facts in this case, we find that the first and third elements are present. We believe that petitioners genuinely thought that petitioner's business expenses were deductible in the year incurred, despite the fact that they were reimbursable. However, to be consistent with their own incorrect method of reporting deductions and expenses, petitioners should have reported the $ 64,508.15 in reimbursements as income in 1987 when received. They did not do so. Petitioners' accountant stated at trial that there was some confusion as to whether petitioners received the $ 64,508.15 in 1987 or 1988, and that the reimbursement was reported on petitioners' 1988 amended return. Nevertheless, petitioners stipulated that the $ 64,508.15 was received in 1987. As petitioners did not report that amount as income in 1987, we must conclude that petitioners are effectively taking an inconsistent *347 position with respect to the deductibility of their 1983-85 expenses. With respect to the expenses incurred and deducted in 1985, however, we find that the second element of the duty of consistency doctrine is absent. We have previously held that where, prior to the expiration of the statute of limitations with respect to the earlier year, the Commissioner knows or has reason to know of the erroneous deduction claimed by the taxpayer, the Commissioner must disallow the deduction for the year in which it is claimed rather than attempt to recoup the applicable tax in the subsequent year. Mayfair Minerals, Inc. v. Commissioner, supra at 91; Erickson v. Commissioner, T.C. Memo. 1991-97; Gmelin v. Commissioner, T.C. Memo. 1988-338, affd. without published opinion 891 F.2d 280 (3d Cir. 1989). Respondent does not allege, and our examination of the audit workpapers for 1985 does not suggest, that petitioner misled the audit agents regarding expenses or reimbursements for that year. It is not clear why respondent did not disallow the expense deductions claimed in *348 1985, given that the evidence indicates that upon completion of the audit for the 1985 year, respondent possessed sufficient information to determine the impropriety of petitioners' business expense deductions. Nevertheless, respondent did not disallow the deductions. Under these circumstances, we hold that respondent is barred from asserting the duty of consistency or quasi-estoppel with respect to the $ 58,827.25 received in reimbursement of business expenses petitioners incurred in 1985. With respect to the 1983 and 1984 expense deductions, there is no indication that respondent knew or had reason to know of the improper deductions prior to the expiration of the statute of limitations for those years. Neither party alleges that respondent conducted an audit of 1983 and 1984. Petitioners claimed deductions for expenses on their 1983 and 1984 returns and thus represented, albeit unintentionally, that those expenses would not be reimbursed by the Company. Unlike the situation in 1985, respondent relied on those representations and failed to notice the mistake before the statute of limitations had expired. By not including the reimbursement in income in 1987, petitioner has *349 effectively shifted his position. On the evidence before us, we find that petitioners are bound by the duty of consistency with respect to the $ 5,680.90 received in reimbursement of business expenses petitioner incurred in 1983 and 1984. Section 6661 Addition to Tax
Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return. Sec. 6661(b)(2)(B)(i) and (ii). Petitioners do not argue that either exception under section 6661(b)(2)(B) applies. Accordingly, if recomputation of petitioners' tax liability reflects a substantial understatement, petitioners are liable for this addition to tax. To reflect the foregoing, Decision will be entered under Rule 155.