**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 95-60036

---

HUGHES & LUCE, L.L.P.,
ALAN J. BOGDANOW, TAX MATTERS PARTNER,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

---

Appeal from the United States Tax Court

---

November 15, 1995

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

WIENER, Circuit Judge.

This federal income tax case finds a law firm appealing from an adverse judgment rendered by the United States Tax Court. The underlying dispute arose when, during the course of an audit, the Internal Revenue Service (IRS) determined that "Service Costs" deducted by Hughes & Luce, L.L.P. should be treated as nondeductible loans to clients. The instant controversy concerns the collateral issue of the proper tax treatment of currently-received reimbursements of "Service Costs" previously deducted by the law firm as expenses in earlier tax years. The Tax Court upheld the IRS's adjustment to Hughes & Luce's then-current taxable

income, holding that the <u>duty of consistency</u> requires Hughes & Luce to recognize income for these reimbursements. The Tax Court declined to apply the <u>tax benefit rule</u>, however, relying on the so-called "erroneous deduction exception." Agreeing with every other circuit court that has addressed the erroneous deduction exception, we conclude that it should be rejected, and that the judgment of the Tax Court should be affirmed but on the basis of the tax benefit rule.

I

FACTS AND PROCEEDINGS

Hughes & Luce, L.L.P. is a Texas general partnership engaged in the practice of law. It commenced doing business on November 1, 1976. Hughes & Luce uses the cash receipts and disbursements method of accounting for income tax purposes and files its tax returns on a calendar year basis.

Although the terms of an engagement differ from client to client, Hughes & Luce customarily bills clients separately for out-of-pocket costs paid to third parties for expenses incurred in connection with the firm's representation of those clients. These costs include expenses for court costs, filing fees, expert witness fees, travel and meals, long-distance telephone charges, delivery services, and the like ("Service Costs").

On its income tax returns for the years 1976 through 1989, Hughes & Luce deducted Service Costs as ordinary and necessary business expenses in the year in which the expense was paid. Reimbursements of these costs were included in its ordinary income

in the year received. Often the reimbursements were received in a taxable year subsequent to the year in which the Service Costs had been deducted as business expenses.

On March 30, 1992, the IRS began an audit of Hughes & Luce's timely filed 1989 tax return. During the course of this audit, the IRS challenged Hughes & Luce's treatment of the Service Costs. The IRS contended that the firm's payments for Service Costs should be treated as loans to clients. Accordingly, the Service Costs should be neither deductible when paid nor includible in income when reimbursed. For purposes of this case, Hughes & Luce concedes that the Service Costs are properly treated as loans to clients for taxable year 1989 and following.

For the taxable year 1989, Hughes & Luce had deducted Service Costs in the amount of $2,367,535.[1] Reimbursements totaling $2,398,825 were included in income for this same year. Of the total reimbursements, $1,908,509 was attributable to Service Costs paid and deducted in 1989. The remainder of $490,766 was attributable to Service Costs paid and deducted in years prior to 1989.[2] It is these latter reimbursements that are at issue in this case. As the statute of limitations had expired for the years prior to 1989, the IRS was precluded from making an adjustment to

---

[1]   The majority of these Service Costs were described on Hughes & Luce's income tax return as "Other Rebillable Expenses," and the remainder was interspersed among eighteen other categories of expenses.

[2]   The parties have stipulated to the amounts above. As acknowledged by the Tax Court, the $450 discrepancy between the total reimbursements and the components thereof is immaterial for purposes of our decision.

3

those years to disallow the deduction of these Service Costs.

Hughes & Luce essentially contends that none of the reimbursements received in 1989 are taxable income because the IRS determined them to be loan repayments, and loan repayments are not ordinarily includible in income. The IRS counters that the reimbursements received in 1989 but attributable to costs advanced and deducted as expenses in years prior to 1989 are includible in taxable income for 1989 under either (1) the tax benefit rule or (2) the duty of consistency, which is also known as the doctrine of quasi-estoppel. On June 1, 1993, the IRS sent Hughes & Luce a Notice of Final Partnership Administrative Adjustment for its 1989 tax year, reflecting an adjustment to its taxable income of $422,457.[3]

Hughes & Luce filed a petition in the Tax Court challenging the IRS's determination. The Tax Court held that, as the deductions for Service Costs in years prior to 1989 were improper, the tax benefit rule was inapplicable under the so-called "erroneous deduction exception." The court went on to hold,

---

[3] The adjustment was calculated as follows:

| | | |
|---|---|---|
| Service Costs deducted but not reimbursed as of December 31, 1988 | | $490,766 |
| Service Costs deducted in 1989 | $2,367,535 | |
| Service Costs reimbursed in 1989 | (2,398,825) | ( 31,290) |
| Less: Bad debt deduction | | ( 37,019) |
| Adjustment to Hughes & Luce's taxable income for 1989 | | $422,457 |

however, that Hughes & Luce was required to include the amount in issue in its income under the duty of consistency. Hughes & Luce now appeals that decision.

## II

## ANALYSIS

A. STANDARD OF REVIEW

In reviewing decisions of the Tax Court we apply the same standards used in reviewing a decision of the district court: Questions of law are reviewed de novo; findings of fact are reviewed for clear error.[4]

B. TAX BENEFIT RULE

The federal income tax is based on an annual accounting system, which is "a practical necessity if [it] is to produce revenue ascertainable and payable at regular intervals."[5] Strict adherence to an annual accounting period, however, may create transactional inequities.[6] The tax benefit rule was adopted in an equitable effort to mitigate some of the inflexibilities of the annual accounting system by approximating the results that would be produced in a system based on transactional rather than annual accounting.[7]

---

[4] <u>Estate of Hudgins v. Commissioner</u>, 57 F.3d 1393, 1396 (5th Cir. 1995).

[5] <u>Hillsboro Nat'l Bank v. Commissioner</u>, 460 U.S. 370, 377 (1983) (citing <u>Burnet v. Sanford & Brooks Co.</u>, 282 U.S. 359, 365 (1931)).

[6] <u>Id.</u>

[7] <u>Id.</u> at 377, 381.

The tax benefit rule includes an amount in income in the current year to the extent that: (1) the amount was deducted in a year prior to the current year, (2) the deduction resulted in a tax benefit, (3) an event occurs in the current year that is fundamentally inconsistent with the premises on which the deduction was originally based, and (4) a nonrecognition provision of the Internal Revenue Code does not prevent the inclusion of gross income.[8] An event is fundamentally inconsistent with the premises on which the deduction was originally based if that event would have foreclosed the deduction had it occurred in the year of the deduction.[9]

The Tax Court held that application of the tax benefit rule was improper in this case because of the "erroneous deduction exception." That exception provides that the tax benefit rule applies only when the original deduction was proper.[10] Because the disbursement of a loan (i.e., Service Cost) is not a proper deduction, the Tax Court concluded that the tax benefit rule did not require Hughes & Luce to include the amount in issue in its 1989 taxable income.

In its opinion, the Tax Court noted candidly that the erroneous deduction exception has been criticized or rejected by

---

[8] Id. at 383-84; Frederick v. Commissioner, 101 T.C. 35, 41 (1993).

[9] Hillsboro, 460 U.S. at 383-84.

[10] See Canelo v. Commissioner, 53 T.C. 217, 226 (1969), aff'd on other grounds, 447 F.2d 484 (9th Cir. 1971).

6

many Courts of Appeals.[11]  The Tax Court nevertheless applied this exception in the instant case because we had not squarely addressed this issue.  We do so now and join the other circuits in rejecting the erroneous deduction exception.

The rationale underlying the erroneous deduction exception was explained by the Tax Court in <u>Canelo</u> as follows:

> We realize that [the taxpayers] herein have received a windfall through the improper deductions.  But the statute of limitations requires eventual repose.  The "tax benefit" rule disturbs that repose only if [the IRS] had no cause to question the initial deduction, that is, if the deduction was proper at the time it was taken.  Here the deduction was improper, and [the IRS] should have challenged it before the years prior to 1960 were closed by the statute of limitations.[12]

Like the other Courts of Appeals before us, we are not persuaded by this reasoning or by the arguments advanced by Hughes & Luce in support of this exception.

As other courts have observed, the inclusion of the reimbursements in income does not <u>reopen</u> the tax liability for the prior yearsSQalbeit the result is much the sameSQand does not

---

[11]  <u>See</u> <u>Unvert v. Commissioner</u>, 656 F.2d 483, 485-86 (9th Cir. 1981), <u>cert. denied</u>, 456 U.S. 961 (1982); <u>Union Trust Co. v. Commissioner</u>, 111 F.2d 60, 61 (7th Cir.), <u>cert. denied</u>, 311 U.S. 658 (1940); <u>Kahn v. Commissioner</u>, 108 F.2d 748, 749 (2d Cir. 1940); <u>Commissioner v. Liberty Bank & Trust Co.</u>,  59 F.2d 320, 325 (6th Cir. 1932).

[12]  <u>Canelo v. Commissioner</u>, 53 T.C. 217, 226-27 (1969), <u>aff'd on other grounds</u>, 447 F.2d 484 (9th Cir. 1971).

implicate the statute of limitations.[13] The only taxable year affected by application of the tax benefit rule is the year in which the reimbursements are received, which year must be open for the rule to apply at all. That these reimbursements are properly treated as loan repayments does not prevent their taxation when, as here, the loan disbursements were erroneously deducted in a prior year as an expense. The tax benefit rule requires taxation because of a previously created tax benefit, regardless of an item's inherent characteristics (i.e., whether repayment of a loan or recovery of a deductible expense) and regardless of whether the original deduction was proper or improper.[14] We also agree with the court in Unvert that the erroneous deduction exception is poor public policy in that it rewards the taking of improper tax deductions. We therefore reject the erroneous deduction exception and conclude that the tax benefit rule applies regardless of the propriety of the original deduction.

Hughes & Luce argues that the Supreme Court's decision in Hillsboro National Bank v. Commissioner effectively overruled prior cases that rejected or criticized the erroneous deduction exception. Selectively pointing to language and examples in that case, Hughes & Luce asserts that Hillsboro leaves no doubt that the tax benefit rule can be applied only when the original deduction was proper. We disagree, finding this to be a strained

---

[13] Dobson v. Commissioner, 320 U.S. 489, 493 (1943); Unvert v. Commissioner, 656 F.2d 483, 485-86 (9th Cir. 1981), cert. denied, 456 U.S. 961 (1982).

[14] Unvert, 656 F.2d at 486.

interpretation of <u>Hillsboro</u>.

At issue in <u>Hillsboro</u> was whether the tax benefit rule was limited to situations in which a taxpayer recovers an amount previously deducted or, alternatively, whether it also applies when an event in a later year is fundamentally inconsistent with the premise on which the deduction was claimed.[15] Neither the propriety of the original deductions nor the validity of the erroneous deduction exception was ever in question in <u>Hillsboro</u>. Thus, we are unpersuaded by this argument.

Hughes & Luce also contends that there is no fundamentally inconsistent event in this case because the very nature of "rebillable expenses" is that reimbursement of such expenses is expected. Thus, Hughes & Luce insists, it is improper to invoke the tax benefit rule. This argument misses the mark. In holding that a fundamentally inconsistent event is a requirement to invoke the tax benefit rule, the Supreme Court in <u>Hillsboro</u> expanded that rule by refusing to limit it to situations involving an actual recovery. The actual recoveries by Hughes & Luce of the Service Costs at issue plainly are fundamentally inconsistent events in that they would have foreclosed the deduction had they occurred in the same year as the disbursements.[16]

C.  DUTY OF CONSISTENCY

As we affirm the Tax Court on the basis that the tax benefit rule requires Hughes & Luce to include the amount at issue in its

---

[15]  <u>Hillsboro</u>, 460 U.S. at 381.

[16]  <u>See</u> <u>Hillsboro</u>, 460 U.S. at 383-84.

9

1989 taxable income, we need not and therefore do not consider the Tax Court's holding that this same result is required under the duty of consistency.  This should not be construed as either agreeing with or rejecting the Tax Court's treatment of that matter.

### III

### CONCLUSION

For the foregoing reasons, we reject the erroneous deduction exception and conclude that the tax benefit rule applies regardless of the propriety of the original deduction.  We therefore affirm the Tax Court's judgment, albeit we do so on the basis of the tax benefit rule rather than on the reason expressed by the Tax Court. AFFIRMED.