T.C. Memo. 2018-158

UNITED STATES TAX COURT

JONATHAN ZUHOVITZKY AND ESTHER ZUHOVITZKY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3489-16.                           Filed September 20, 2018.

Ronald J. Cohen and Melissa A. Perry, for petitioners.

Mimi M. Wong, Peter N. Scharff, Shawna A. Early, Stephen C. Huggs,

Gerard Mackey, and Lyle B. Press, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This matter is presently before the Court on

respondent's motion for partial summary judgment.[1]  The issue for decision is

_____

    [1]  Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] whether petitioner Esther Zuhovitzky is subject to U.S. tax on her worldwide income in the absence of a section 6013(g) election.

Background

The following facts are based on the parties' pleadings, motion papers, and their stipulation of fact, including the declarations and exhibits attached thereto. See Rule 121(b). Petitioners are married and resided in Germany together when they filed their petition.

During the years at issue, petitioner Jonathan Zuhovitzky was a citizen of both Israel and the United States; petitioner Esther Zuhovitzky was a citizen of both Israel and Austria. Esther has never resided in the United States. Petitioners filed joint tax returns for 1992 through 2008 but never filed an election under section 6013(g) to treat Esther as a resident of the United States during these years.[2]

Respondent issued a notice of deficiency for the years at issue, in which respondent determined the following:

---

[1](...continued)
Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The period for assessment of income tax has expired with respect to petitioners' income tax liabilities for 1992 through 1999.

**[*3]**

| Year | Deficiency | Fraud penalty sec. 6663 |
|------|-----------|-------------------------|
| 2000 | $276,596.00 | $207,447.00 |
| 2001 | 265,143.00 | 198,857.25 |
| 2002 | 244,427.00 | 183,320.25 |
| 2003 | 337,244.00 | 252,933.00 |
| 2004 | 299,062.00 | 224,296.50 |
| 2005 | 174,870.00 | 131,152.50 |
| 2006 | 308,746.00 | 231,559.50 |
| 2007 | 124,137.00 | 93,102.75 |
| 2008 | 137,467.00 | 103,100.25 |

These deficiencies and penalties stem from determined unreported interest and dividend income from a UBS account in Esther's name.

On February 9, 2018, respondent filed a motion for partial summary judgment. Therein, respondent argues that petitioners' filing of joint returns for the years at issue subjected them to U.S. tax on Esther's foreign-source income despite petitioners' failure to file a section 6013(g) election.

## Discussion

I.     Burden of Proof

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90

**[\*4]** T.C. 678, 681 (1988). The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. However, the nonmoving parties "may not rest upon the mere allegations or denials" of their pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

II.     Statutory Framework

Section 6013(a) permits married couples to file joint returns, except that "no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien". Sec. 6013(a)(1). However, section 6013(g) provides an exception to this exception. Under section 6013(g) a nonresident alien spouse may elect treatment as a U.S. resident for the purposes of U.S. Federal income tax. Sec. 6013(g)(1). After making this election the couple may then file jointly. See sec. 6013(g). As the election treats the nonresident spouse as

**[*5]** a U.S. resident for purposes of chapters 1 and 24 of the Code, it also subjects that spouse's foreign-source income to U.S. taxation. See secs. 1, 61; sec. 1.6013-6(a), Income Tax Regs.

To make the section 6013(g) election, taxpayers must attach a statement to their joint return for the first taxable year for which the election will be in effect. Sec. 1.6013-6(a)(4), Income Tax Regs. This statement must include a declaration that the election is being made and that the requirements of the regulation are met for the taxable year. Id. subdiv. (ii). The statement must contain the name, address, and taxpayer identifying number of each spouse and must be signed by both persons making the election. Id.

In this case the parties have stipulated that petitioners never made an election under section 6013(g).

III.    Respondent's Motion for Partial Summary Judgment

Respondent argues that Esther's worldwide income should be subject to U.S. income tax despite petitioners' failure to meet the technical requirements of the section 6013(g) election. Respondent relies upon the doctrines of substantial compliance and the duty of consistency. There are factual determinations required by both doctrinal analyses that remain in dispute, and so we will deny

[*6] respondent's motion for partial summary judgment.  We address each of respondent's arguments below.

A.    Substantial Compliance

The substantial compliance doctrine is a narrow equitable doctrine that we may apply to avoid hardship where one party establishes that the other party intended to comply with a provision, did everything reasonably possible to comply with the provision, but did not comply with the provision because of a failure to meet the provision's specific requirements.  Samueli v. Commissioner, 132 T.C. 336, 345 (2009) (citing Sawyer v. County of Sonoma, 719 F.2d 1001, 1007-1008 (9th Cir. 1983); Fischer Indus., Inc v. Commissioner, 87 T.C. 116, 122 (1986), aff'd, 843 F.2d 224 (6th Cir. 1988); Credit Life Ins. Co. v. United States, 948 F.2d 723, 726-727 (Fed. Cir. 1991); Prussner v. United States, 896 F.2d 218 , 224 (7th Cir. 1990); and Estate of Chamberlain v. Commissioner, T.C. Memo. 1999-181, aff'd, 9 F. App'x 713 (9th Cir. 2001)).

Under the substantial compliance doctrine, petitioners must have both intended to make the section 6013(g) election and substantially complied with the requirements for the election.  See Samueli v. Commissioner, 132 T.C. at 345-346; Phillips v. Commissioner, 86 T.C. 433, 438 (1986), aff'd in part, rev'd in part, 851 F.2d 1492 (D.C. Cir. 1988).  Respondent contends that by filing joint returns,

**[\*7]** petitioners expressed their intent to make a section 6013(g) election.[3]

Petitioners, on the other hand, argue that they had no intent to make a section

6013(g) election. Petitioners' intent is a matter of material fact in dispute, and

thus, the issue of substantial compliance is inappropriate for summary judgment

and requires trial.[4]

B.    <u>Duty of Consistency</u>

We may also apply the equitable doctrine of "quasi-estoppel" or "the duty of

consistency."[5] <u>LeFever v. Commissioner</u>, 103 T.C. 525, 541 (1994), <u>aff'd</u>, 100

F.3d 778 (10th Cir. 1996). The "duty of consistency" is based on the theory that

---

[3] We note that in a Chief Counsel Advisory, respondent previously stated that taxpayers were not treated as making an election under sec. 6013(g) based on their mere filing of joint returns. <u>See</u> Chief Counsel Advisory 201325013, 2013 WL 3126531 (Feb. 14, 2013).

[4] Because whether petitioners intended to make the sec. 6013(g) election is unclear, we do not have to reach the issue of petitioners' compliance with the election. We note, however, that this analysis would be difficult, if not inappropriate, to make at the summary judgment stage as petitioners' returns for the years at issue have not been entered into the record before us.

[5] Petitioners contend that their case is appealable to the U.S. Court of Appeals for the Second Circuit. That Court of Appeals does not seem to recognize the duty of consistency. <u>See</u> <u>Bennet v. Helvering</u>, 137 F.2d 537 (2d Cir. 1943). However, because petitioners resided in Germany when they filed their petition, an appeal for this case lies with the U.S. Court of Appeals for the D.C. Circuit absent a stipulation to the contrary. <u>See</u> sec. 7482(b). There does not appear to be a bar against the application of the duty of consistency in the D.C. Circuit.

**[*8]** the taxpayer owes the Commissioner the duty to be consistent with his tax treatment of items and will not be permitted to benefit from his own prior error or omission.  S. Pac. Transp. Co. v. Commissioner, 75 T.C. 497, 838-839 (1980).  The duty of consistency doctrine prevents a taxpayer from taking one position one year and a contrary position in a later year after the limitations period has run on the first year.  Herrington v. Commissioner, 854 F.2d 755, 757 (5th Cir. 1988), aff'g Glass v. Commissioner, 87 T.C. 1087 (1986).

A taxpayer is placed under a duty of consistency when:  (1) the taxpayer has made a representation or reported an item for tax purposes in one year, (2) the Commissioner has acquiesced in or relied on that fact for that year, and (3) the taxpayer desires to change the representation, previously made, in a later year after the statute of limitations on assessments bars adjustments for the initial year.  Lefever v. Commissioner, 103 T.C. at 543.  The second of these requirements is satisfied when a taxpayer files a return that contains an inadequately disclosed item of which the Commissioner was not otherwise aware, the Commissioner accepts that return, and the time to assess tax expires without an audit of that return.  Estate of Letts v. Commissioner, 109 T.C. 290, 300 (1997).  To avoid meeting the second requirement, the taxpayer must provide the Commissioner with sufficient facts to supply him with actual or constructive knowledge of a

**[*9]** possible mistake in the reporting of the erroneously disclosed item.  Hughes & Luce, LLP v. Commissioner, T.C. Memo. 1994-559, aff'd, 70 F.3d 16 (5th Cir. 1995).

Respondent contends that the Court should treat petitioners as if they had made a section 6013(g) election under the duty of consistency.  Respondent argues that petitioners represented that they were eligible to file joint returns by filing joint returns from 1992 through 2008.  Respondent further argues that because Esther was a nonresident alien, petitioners were entitled to file joint returns only if:  (1) they made a section 6013(g) election or (2) Esther satisfied the substantial presence test under section 7701(b)(3).  Respondent reasons that, in the absence of a section 6013(g) election, respondent still could have concluded from petitioners' returns that Esther was a U.S. resident by way of the substantial presence test. Respondent contends that he relied upon this representation by accepting petitioners' joint returns and that petitioners are now trying to change their representation about their joint-filing eligibility after the expiration of the period of limitations for 1992 through 1999.[6]

---

[6] Respondent surmises that petitioners enjoyed favorable tax rates on Jonathan's worldwide income and Esther's U.S.-source income by filing joint returns.

[*10] Petitioners argue that respondent's acceptance of their joint returns cannot constitute reliance because respondent was well aware that petitioners had not filed a section 6013(g) election. Petitioners also contend that respondent was well aware of the need for a section 6013(g) election in this case.

Like the substantial compliance analysis, the duty of consistency analysis requires factual determinations. Without access to petitioners' returns for the years at issue, we cannot discern what facts petitioners provided to respondent about Esther's residency. Accordingly, we are not able to determine the nature of petitioners' representation or whether respondent had actual or constructive knowledge that petitioners erroneously filed joint returns. Therefore, matters of material fact are in dispute, and this issue is inappropriate for summary judgment. As we cannot proceed with our analysis under either the duty of consistency or substantial compliance, we will deny respondent's motion for partial summary judgment as a whole.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.