JOHNSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 11904.

Circuit Court of Appeals, Fifth Circuit.

July 2, 1947.

Jo V. Morgan, of Washington, D. C. and W. F. Finch, of West Palm Beach, Fla., for petitioner.

Melva M. Graney, Howard P. Locke, and Lee A. Jackson, Sp. Assts. to Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The petitioner, taxpayer for the year 1938, complains that the Tax Court in fixing her gain in the sale of a house and lot in 1938 gave the house a zero cost basis instead of its fair value in 1929 when she acquired it; that an attorney's fee of $1,500 paid in recovering the house and lot in 1929 was not included as part of her cost; and that certain improvements made since were not included in her investment. The evidence is not before us, but the pertinent fact-findings are these:

The lot, tract #3, was acquired in 1920 at a cost fixed at $10,000. "In 1924 petitioner entered into a ninety-nine year lease covering tract #3, by the terms of which the lessee was to pay a specified land rental and erect on the property a building consisting of business stores and apartments. * * * Sometime prior to 1929 the lessee defaulted in the payment of rent. Petitioner brought an action against the lessee and on Feb. 13, 1929, obtained a judgment for the recovery of the property. Possession and enjoyment of the property was returned to petitioner sometime in 1929. Petitioner paid attorney's fees of $1,500 in connection with the foregoing litigation. * * * In March, 1938, petitioner sold the Royal Palm Way Building and lot #3 on which it was located for $114,710. * * * Petitioner and her husband filed a joint income tax return for the calendar year 1929. They did not report therein any income or gain from the acquisition of the building in 1929 * * * nor did the return indicate that petitioner had acquired the building in the manner she did acquire it." In her income tax returns for the years 1930 to 1937 and for subsequent years there was likewise no report of the acquisition of the building or gain so derived, nor was any depreciation deduction taken. In 1938 the sale was reported and the gain computed by giving the building a value of $50,000 as its 1929 fair market value, less two percent depreciation per year for ten years, $10,000.

The Tax Court sustained the Commissioner in disallowing both the $40,000 basis claimed for the building, and the attorney's fee. Three judges dissented as to the disallowance of the basis, and one as to the fee.

■ 1. In 1940 it was settled in Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864, that when a lessor comes into possession at the termination of a lease of improvements made by the lessee, the lessor should then report a gain measured by the then fair value of the improvements, and pay tax thereon. Theretofore the question had, as stated in that case, been variously dealt with by the Internal Revenue Department and the lower courts. In 1938, in Blatt Co. v. United States, 305 U.S. 267, on page 276, 59 S.Ct. 186, on page 189, 83 L.Ed. 167, the question came before the Supreme Court, and we read that the position taken by the United States was this: "Assuming that improvements made by lessee and which will outlast the term constitute income to lessor at some time, its brief discusses the questions whether the income is realized upon (1) the completion of the improve-

ments, (2) termination of the lease, or (3) disposition of the improved property. It concludes that the 'soundest theory seems to be that such income is taxable at the time the improvements are erected.'" The court did not then decide which was correct, but disposed of the case on narrow grounds. A very strong argument was made in the Bruun case, however, that the improvements are only an increase in value of the land and the potential gain is not realized till the land is sold.* This must have been the idea entertained in 1929 by the petitioner here. No fraudulent concealment is charged or found against her, and it is conceded in argument that an assessment against her on her 1929 return is now barred. On the other hand it is said that if she had returned the gain in 1929 and paid taxes on it, the fair value thus capitalized into the property would have been recognized as a proper basis in fixing the gain on the sale in 1938.

The petitioner is here asserting that she should have been taxed in 1929 on this fair value of the building; that the year in which a gain should be taxed is not at the choice of the taxpayer or the Commissioner, but is fixed by law.; that the fact that this gain was not taxed in 1929 and that an assessment on it is now barred, is immaterial; and that she is entitled to the same basis for the building as if it had been timely taxed. The Commissioner stands on the words of the Revenue Act of 1938, Sect. 113(a), 26 U.S.C.A. Int.Rev.Code, § 113(a), "The basis of property shall be the cost of such property" (with exceptions not here relevant), and the holding in Detroit Edison Co. v. Commissioner, 319 U.S. 98, 63 S.Ct. 902, 87 L.Ed. 1286, that cost means normally the cost to the taxpayer; and he says that the taking of the value of the improvements as a basis when duly returned and taxed according to the Bruun case is but an administrative concession to avoid double taxation of the gain. This adjustment is indeed now commanded by Sect. 115(c) of the Revenue Act of 1942, 26 U. S.C.A. Int.Rev.Code, § 113(c).

■ We think the Commissioner is rightly sustained in this case. This building was put on the land by the lessee under a ninety-nine year lease. Its depreciation rate was returned and has been found by the Tax Court rightly to be two percent per year, giving the building a life of fifty years. Had the lease been carried out this building would have perished before the term ended. By its forfeiture the building came to the lessor as a windfall, having cost her nothing but the expense of its recovery. On a sale of it in 1938 the basis would by the strict words of the statute be its cost to the taxpayer, and not its value in 1929 when recovered. Since the value was not then or since taken into the tax account as a capital investment, there is no occasion to add it to the basis of the property when sold to avoid taxing it a second time. Justice has been done. The matter has been handled in the manner that Congress has declared to be desirable by the Revenue Act of 1942 above cited. And see Vandenberge v. Commissioner, 5 Cir., 147 F.2d 167.

■ Moreover in 1929, long before the Bruun case was decided, this taxpayer by omission of the acquisition of this building from her returns during the whole time she held it, took the position that the gain was not then taxable, and in the state of doubt that then prevailed elected to treat it as untaxable until the building should be sold. After the statute of limitations has run against taxation in 1929 she is shifting her position and saying it is taxable only in 1929. This court has several times held that when a transaction and its tax consequences are thus projected into other tax years there is a duty of consistency as to its treatment, and one should be held to the consequences of the initial treatment, though inaccurate, when a correction throughout is impossible. This taxpayer is not offering to waive the statute of limitation and to submit to an adjustment of her taxation ab initio; but she wishes to retain the protection of limitation which she has gotten by withholding information she ought to have given. Such inconsistency, though not originally with fraudulent intent, ought not to have success. Alamo National Bank v. Commissioner, 5 Cir., 95 F.

---

* Congress adopted that view by Sect. 115 of Revenue Act of 1942, 56 Stat. 798, 812, 26 U.S.C.A. Int.Rev.Code, § 113(c).

2d 622; Orange Securities Corporation v. Commissioner, 5 Cir., 131 F.2d 662.

2. But we think the Tax Court should have allowed the $1,500 attorney's fee as a part of the capital investment in the building. We understand from the fact-finding above quoted that the lessee contested the forfeiture of the lease, and that a litigation was needed to clear the lessor's title and to oust the lessee and obtain possession. All this was necessary to acquire the building at all, and to extinguish the lessee's claims. It was a part of the cost of the property. Jones Estate v. Commissioner, 5 Cir., 127 F.2d 231; Burton-Sutton Oil Co. v. Commissioner, 5 Cir., 150 F.2d 621, 160 A.L.R. 961.

3. Some expenditures on the premises after their recovery were allowed as capital investments. As to others the court held the evidence not sufficiently detailed or convincing to show them to be improvements of a permanent nature. This is a fact-finding we are not at liberty to overrule, nor have we the evidence in the record on which it was made.

The judgment is affirmed save as to the attorney's fee. The cause is remanded for a redetermination of the tax in accordance with this opinion.