

Burton & Gauldin, Eric L. Burton, R. Jackson Gauldin, Whittier, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., John N. Stull, Lee A. Jackson, A. F. Prescott, S. Dee Hanson, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before STEPHENS, FEE and BARNES, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioner here seeks a review by this Court of a decision of the Tax Court of the United States determining a deficiency in income tax for the year ending December 31, 1947, in the amount of $60,902.38.

Petitioner in 1943 was the controlling stockholder in Flexo Manufacturing Company. An open account in taxpayer's name was maintained on the books of the Corporation with the heading "Accounts Receivable—C. H. Wentworth." On February 27, 1943, this account had a credit balance of $2,197.20. On that same date the taxpayer advanced $100,000 to the corporation and received a note in the face amount of $100,000, maturing in one year and bearing 6% interest. On April 14, 1943, the open account had a credit balance of $3,-397.20, and on the same date the taxpayer advanced an additional $100,000,

**C. H. WENTWORTH, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15207.**

United States Court of Appeals
Ninth Circuit.

May 22, 1957.

receiving an additional note also maturing in one year and bearing interest at 6%. Both notes were carried on the corporate books as "Notes payable." On December 31, 1943, the open account on the corporation's books in the taxpayer's name reflected a debit balance of $197,211.03.

On October 31, 1944, the taxpayer's open account had a debit balance of $200,742.60. The corporation on that date credited the open account with $180,000, leaving a debit balance in the account of $20,742.60, and at the same time charged its *capital account*, which resulted in a capital deficit of $23,095.56. No charge or entry was made to the notes payable account, nor were the notes payable in the amount of $200,000 canceled.

No income was reported by the taxpayer on his individual income tax return for the calendar year 1944, or for any other year, as resulting from the credit of $180,000 made by the corporation to his open account. The taxpayer did not exchange any stock with the corporation or surrender any stock to the corporation, nor has there been any liquidation or partial liquidation of the corporation.

On December 31, 1943, the earned surplus account of the corporation showed a credit balance of $114,322.19, and on December 31, 1944, the credit balance in this account was $171,920.38. The earned surplus of the corporation, on December 31, 1947, was $82,522.06.

In May, 1947, the corporation distributed to the taxpayer the sum of $200,000. At the same time, the taxpayer surrendered to the corporation the two notes of the corporation made out in 1943 and maturing in 1944. The notes payable account on the corporation's books was debited with the amount of $200,000, and the notes were canceled.

On the basis of these facts, the Tax Court, sustaining the Commissioner's determination, held that the corporation's payment to the taxpayer by the credit to his accounts receivable account in 1944 effected a corresponding offset in its notes payable account representing its note indebtedness then overdue and owing the taxpayer, and therefore the corporate distribution of $200,000 to the taxpayer in the taxable year 1947 was a taxable dividend to the extent of its earnings and profits in that year, and not the payment by the corporation of its note indebtedness to him.

The question narrows itself to one whether the $180,000 credited to the taxpayer on the corporate books in 1944 was in reality a distribution to him of earned surplus or as a payment on the two notes.

The Tax Court held that since the offsetting entry—the debit to the capital account in 1944—did not clearly reflect what actually occurred, it had a right to look at the other facts, and the actions of the parties to the note obligations. The Tax Court pointed out that there had been no redemption of stock or liquidation or partial liquidation of the corporation. The Court also pointed out that the corporation was almost wholly owned and controlled by Petitioner, had never declared any dividends, that a minority stockholder holding 4167 shares had not received anything at the time the $180,000 was credited to Petitioner's account, and that the notes also were past due when the distribution was made. The Tax Court also noted that Petitioner did not report for the year 1944 any portion of the $180,000 as a distribution of dividends; and while the statute of limitations barred the collection of the sums as income for the year 1944, the fact of non-payment of income constituted in effect a statement that no income was received for the year 1944, citing Crane v. Commissioner of Internal Revenue, 1 Cir.1934, 68 F.2d 640. The dissenting opinion of the Tax Court held that there was no justification for disregarding the form of the transaction and that the effect of the majority opinion is to allow the Commissioner to avoid the bar of the statute of limitations.

We have closely examined the briefs of the parties and the authorities cited

therein and hold that the Tax Court was justified in concluding as it did and that such conclusion was not clear error.

The decision is affirmed.