Claude H. GRAYSON and Gertie M. Grayson, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CA75–H–1754–S.

United States District Court, N. D. Alabama, S. D.

July 12, 1977.

Joseph S. Bluestein, Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, Ala., for plaintiffs.

Benton Burroughs, Jr., Dept. of Justice, Washington, D. C., J. R. Brooks, U. S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

This action to recover $37,017.54 in income taxes paid for the year 1971 came to be heard at pretrial conference on November 5, 1976, at which time both counsel agreed that the facts of this case were not in dispute, the only question before the court was one of law, and a stipulation of facts by the parties and summary judgment by the court was appropriate. The parties filed a stipulation of facts on February 17, 1977, and pursuant to this court's order of May 26, 1977, this matter is now deemed submitted for decision. Having reviewed the pleadings, the comprehensive stipulation filed jointly by the parties, and briefs submitted by counsel, the court is of the opinion that as a matter of law, summary judgment should be granted for the defendant in this action.

The sole issue before this court is whether plaintiffs were required to include in their income for 1971 a distribution of $59,-839.21 received from a non-qualified pension plan on January 7, 1971. Plaintiffs assert that they were not so required, and they contend in the alternative that this distribution should have been taxed in either 1957, 1959, 1965, 1967 or 1969 by virtue of the doctrines of constructive receipt and economic benefit or by virtue of certain provisions of the IRS Code. Defendant contends the distribution is includable only in 1971. The undisputed facts are listed in the stipulation of the parties filed herein on February 17, 1977, and are hereby incorporated into this opinion.

The parties agree that § 402(b) of the IRS Code controls the outcome of this suit, however, they disagree as to its application to the specific provision of the pension plan (Plan) which is the subject of this case. Under § 402(b), an employer's contribution to a non-exempt trust shall be taxed in the taxable year in which the contribution is made to the trust—in this case prior to 1971, as the plaintiffs contend—"in the case of an employee whose beneficial interest in such contribution is *nonforfeitable at the time the contribution is made*" (emphasis added). If, on the other hand, the contribution is *forfeitable* when made by the employer to the non-exempt trust, the last sentence in § 402(b) indicates that the amount "shall be taxable to [the employee], in the year in which [it is] distributed or made available"—in this case in 1971, as the defendant contends. Obviously, the pivotal issue is whether the contributions of the employer were forfeitable by the employee at the time they were made.

Plaintiffs contend that §§ 12.02 and 12.03 of the Plan make plaintiffs' interests nonforfeitable, citing 26 C.F.R. § 1.402(b)–1, subpart (a)(2)(i) of which states that if at the time the contribution is made there is no contingency under the Plan which may cause the employee to lose his rights in the contribution, then the interest becomes nonforfeitable within the meaning of § 402(b). However, § 4.04 of the Plan provides that if an employee "for any cause, except retirement or disability as herein defined, or death, *ceases to be employed by the Company before he has completed ten years of participation in the Plan*, the Committee shall certify that fact to the Trustee, and the value of the Reserve Account attributable to such [employee] shall be *forfeited* . . . . After ten years or more of such Participation the Reserve Account of [an employee] shall become fully vested in him." Since Mr. Grayson could not have been a participant for ten years during the period between 1955 and 1964, when the

contributions were being made to the Plan by the employer, it seems obvious that Mr. Grayson did not have a nonforfeitable interest in the funds at the time the contributions were made which would be required under § 402(b) to achieve the taxable results plaintiffs seek in this action. The court does not agree with plaintiffs when they assert that § 4.04 is "subject to certain overriding sections of the Plan," namely §§ 12.02 and 12.03. In this connection the court is mindful of the "construction" of the Plan by the actions of the parties to the Plan, viz., plaintiffs and their employer, during the years prior to 1969. At no time during that period did they file returns for tax purposes which would be consistent with plaintiffs' present position that the contributions were to a non-exempt trust and were nonforfeitable at the time made. Thus, the $59,839.21 distribution is properly taxable to the plaintiffs in 1971, the year Mr. Grayson received these funds.

■ While the foregoing determination that the taxpayer had only a forfeitable interest in the Plan is sufficient to resolve the matter, there is an alternative basis for a judgment against plaintiffs had the court determined otherwise. The government argues that plaintiffs, by treating the contributions as forfeitable from 1955 through 1970 (by excluding them from their gross income) should not be allowed to reverse their position once the statute of limitations has run and now insist that the contributions were nonforfeitable and that these amounts should have been included in their gross income in some year or years prior to 1971. As the government points out, the Fifth Circuit has taken a dim view of such inconsistent treatment by the taxpayer. "This court has several times held that when a transaction and its tax consequences are thus projected into other tax years there is a duty of consistency as to its treatment, and one should be held to the consequences of the initial treatment, *though inaccurate*, when a correction throughout is impossible." *Johnson v. Commissioner*, 162 F.2d 844, 846 (5th Cir. 1947) (emphasis added). Thus, even if the contributions were nonforfeitable as plaintiffs

now contend, the prior treatment of these funds by these taxpayers for the period 1955 through 1970 requires that they be taxed to them in 1971. An appropriate order will be entered.