109 T.C. No. 15


UNITED STATES TAX COURT


ESTATE OF MILDRED GERALDINE LETTS, DECEASED, JAMES P.
LETTS III AND JOANNE L. MAGBEE, COEXECUTORS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8539-95.                    Filed November 24, 1997.


    Decedent's (D) husband (H) died in 1985, and D
died in 1991.  They were survived by two children,
James P. Letts III and JoAnne Magbee.  James P. Letts
III was executor of both of their estates and signed
both estate tax returns.  D was also a coexecutor of
H's estate, and JoAnne Magbee was a coexecutor of H's
and D's estates.  The beneficiaries of H's will were D,
James P. Letts III, and JoAnne Magbee.  The
beneficiaries of D's will were James P. Letts III and
JoAnne Magbee.

    In his will, H left certain property to D.  H's
estate claimed a marital deduction for the value of the
property.  H's estate elected not to treat D's interest
as qualified terminable interest property (QTIP).  H's
estate was entitled to claim the marital deduction for
the property only if D's interest in the property was
not a terminable interest.

The time to assess tax against H's estate had passed when D died. R did not examine H's estate tax return.

D's estate tax return stated that the interest H left to D was a terminable interest but was not QTIP. D's estate (like H's estate) did not include the value of the property in its taxable estate.

Held, D's gross estate includes the value of the life interest under the duty of consistency.

Timothy J. Peaden, John C. Sawyer, and Michelle M. Henkel, for petitioner.

David Delduco and Charles P. Hanfman, for respondent.


OPINION


COLVIN, Judge: Respondent determined that petitioner is liable for a $461,601 deficiency in Federal estate tax. The issue for decision is whether, because of the duty of consistency, decedent's estate includes the value of property that decedent's husband left to her. We hold that it does.[1]

Unless otherwise indicated, section references are to the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1] In light of our holding, we need not decide whether, as respondent contends, decedent's husband's estate substantially complied with the QTIP election requirements despite the fact that the estate stated on the return that the property was not QTIP, and the estate did not separately list terminable interest property in Schedule M in its tax return.

## I.  Background

The facts are fully stipulated, and the case was submitted under Rule 122.  Decedent died in Georgia.  The executors of her estate live in Georgia.

### A.  Decedent

Decedent was Mildred Geraldine Letts.  Her husband was James P. Letts, Jr.  Their children are James P. Letts III and JoAnne L. Magbee (formerly JoAnne Geraldine Letts).

### B.  The Will of James Letts

James P. Letts, Jr. (James Letts, Jr.), signed his will in 1983 and amended it by codicil in 1984.  He named decedent, James P. Letts III, and JoAnne L. Magbee executors.

Item I of his will provided that all of his tangible personal property was to pass to decedent if she survived him by 30 days.  In Item II of his will, he devised the residue of his estate, after payment of funeral expenses, debts, and expenses of administration, to decedent and their two children in trust (Item II trust).  The amount of the Item II trust was equal to:

> the value of such residue minus the largest amount which can be withheld from this marital deduction bequest without increasing the Federal estate tax on my estate otherwise payable by reason of my death.

The Item II trust authorized decedent to receive all of the income from the trust for life at least quarterly, authorized decedent to withdraw up to $40,000 per year, and authorized the

trustees to distribute the corpus to decedent for her comfort, maintenance, and support. The corpus of the Item II trust consisted of terminable interest property in which decedent had an income interest for life.

The Item II trust authorized the executors of the Estate of James Letts, Jr., to elect to treat the trust as "qualified terminable interest property" (QTIP) for purposes of the Federal estate tax marital deduction. If the executors made a QTIP election, the trustees were directed to pay the Federal estate tax that resulted from including the marital property in decedent's estate under sections 2044 and 2207A.

Item III of the will of James Letts, Jr., created a trust (Item III trust) for the benefit of decedent and the living descendants of James Letts, Jr. When decedent died, the undistributed income from the Item II trust was to be paid to decedent's estate and the corpus was to be paid to the Item III trust.

C.  The Federal Estate Tax Return of James Letts, Jr.

James Letts, Jr., died on November 7, 1985. Ralph M. Newberry, a certified public accountant, prepared his Federal estate tax return. The gross estate reported on the return was $1,877,372.

1.    Marital Deduction

The Estate of James Letts, Jr., claimed a $1,317,969 marital deduction.  Of that amount, $317,705 was attributable to assets passing to decedent as joint tenant with the right of survivorship.  The remaining $1,000,264 was for the Item II trust, which was described on Schedule M as a "qualified marital trust".  The Estate of James Letts, Jr., did not state on its return whether or not the Item II trust property was terminable interest property.  The Estate of James Letts, Jr., passed $1,317,969 to decedent and paid no estate taxes.

2.    Responses by the Estate of James Letts, Jr., to the Instructions on Line 4 of Page 2 and on Schedule M of the Estate Tax Return It Filed

On page 2 of the return filed by the Estate of James Letts, Jr., under "Elections by the Executor", the following question appears on line 4:  "Do you elect to claim a marital deduction for qualified terminable interest property (QTIP) under section 2056(b)(7)?"  The executor of the Estate of James Letts, Jr., placed an "x" in the box for "No".

The instructions for line 4 say that if the gross estate exceeds $500,000, the property for which the election is being made must be listed on Schedule M and clearly marked as

"qualified terminable interest property". The executor listed no property on Schedule M as QTIP.

The estate tax return for the Estate of James Letts, Jr., did not include a copy of the will of James Letts, Jr.

James P. Letts III signed the Federal estate tax return for the Estate of James Letts, Jr. It was filed on September 8, 1986. Respondent did not examine or make any adjustments to that return. The time to assess tax against the Estate of James Letts, Jr., expired on September 8, 1989, before decedent died.

D.   Decedent's Death and Federal Estate Tax Return

In her will, decedent named James P. Letts III and JoAnne L. Magbee executors of her estate. Decedent died on April 20, 1991, in Atlanta, Georgia, and was survived by her son, James P. Letts III, and her daughter, JoAnne L. Magbee.

The Item II trust had not been funded before decedent died.

On January 20, 1992, petitioner applied for an extension of time to file decedent's Federal estate tax return.

John C. Sawyer of Alston & Bird in Atlanta prepared decedent's Federal estate tax return. Decedent's Federal estate tax return noted that the executors of James Letts, Jr.'s estate had not elected QTIP treatment for the Item II trust. Decedent's estate did not include the value of the Item II trust in

decedent's gross estate.  Petitioner attached the following

statement to its estate tax return:

### Statement Regarding Question 6 of Part 4

Item Two of the Will of James P. Letts, Jr., the
late husband of Mildred G. Letts, created a trust for
her benefit.  Pursuant to the terms of that trust,
Mildred G. Letts was to receive all of the income from
the trust for life.  She also was given the power to
withdraw up to $40,000 from the trust each year (see
Schedule H), but had no other general power of
appointment.  On the Form 706 filed on behalf of the
estate of James P. Letts, Jr., a copy of which is
attached hereto, the executor did not elect to treat
the Item Two trust as qualified terminable interest
property.  Consequently, the assets held in the item
two trust are not includible in the gross estate of
Mildred G. Letts under section 2044.

James P. Letts III and JoAnne L. Magbee signed decedent's

Federal estate tax return.  It was filed on April 20, 1992.

Respondent determined that the value of the Item II trust is

includable in decedent's gross estate.[2]  Petitioner concedes that

$40,000 of the trust property is includable in decedent's gross

estate because it was subject to decedent's power of withdrawal

or appointment at her death.

---

[2] The parties agree that the value of the Item II trust is
$967,407 if the Court decides that the value of the Item II trust
is includable in decedent's gross estate.

II.  Discussion

A.  Contentions of the Parties

Petitioner points out, and respondent does not dispute, that assessment of tax against the Estate of James Letts, Jr., is barred by the statute of limitations.  Petitioner also points out that section 2044[3] does not include in the gross estate of a

_____

[3] Sec. 2044 provides as follows:

SEC. 2044.  CERTAIN PROPERTY FOR WHICH MARITAL DEDUCTION WAS PREVIOUSLY ALLOWED.

(a)  General Rule.--The value of the gross estate shall include the value of any property to which this section applies in which the decedent had a qualifying income interest for life.

(b)  Property To Which This Section Applies.--This section applies to any property if--

(1)  a deduction was allowed with respect to the transfer of such property to the decedent--

(A)  under section 2056 by reason of subsection (b)(7) thereof, or

(B)  under section 2523 by reason of subsection (f) thereof, and

(2)  section 2519 (relating to dispositions of certain life estates) did not apply with respect to a disposition by the decedent of part
(continued...)

surviving spouse the value of property for which no QTIP election was made.  Thus, petitioner contends that the value of the Item II trust is not includable in decedent's gross estate.

Respondent contends that petitioner must include the value of the Item II trust in decedent's gross estate under the duty of consistency.[4]  For reasons discussed next, we agree with respondent.

B.  Marital Deduction

A tax is imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. Sec. 2001(a).  In computing the value of the taxable estate, an estate may deduct the value of certain interests which pass from the decedent to the decedent's spouse (marital deduction).  Sec. 2056(a).  Congress enacted the marital deduction in 1948 and

---

[3](...continued)
          or all of such property.

          (c)  Property Treated as Having Passed From
     Decedent.--For purposes of this chapter and chapter 13,
     property includible in the gross estate of the decedent
     under subsection (a) shall be treated as property
     passing from the decedent.

[4] Respondent first raised this issue in an amendment to answer filed on Oct. 21, 1996.  Respondent concedes that this issue is new matter under Rule 142(a).  Thus, respondent has the burden of proving that the duty of consistency applies here. Rule 142(a); see Cluck v. Commissioner, 105 T.C. 324, 331 n.11 (1995).

expanded it in 1981.  H. Rept. 97-201, at 159-161 (1981), 1981-2 C.B. 352, 377-378.  As a result, bequests of property from a predeceasing spouse to the surviving spouse are in certain circumstances eligible for an unlimited marital deduction.  Sec. 2056(a).  It is a basic policy of the marital deduction that property that passes untaxed from a predeceasing spouse to a surviving spouse is included in the estate of the surviving spouse.  Estate of Shelfer v. Commissioner, 86 F.3d 1045, 1048 (11th Cir. 1996), revg. 103 T.C. 10 (1994); Estate of Cavenaugh v. Commissioner, 100 T.C. 407, 416 (1993), affd. in part and revd. in part on other grounds 51 F.3d 597 (5th Cir. 1995).

The marital deduction provides special rules for gifts of terminable interest property (e.g., life interests).  Sec. 2056(b).  A terminable interest is an interest passing to a surviving spouse that will end on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur.  Sec. 2056(b)(1).  The marital deduction is not available for terminable interest property given to the surviving spouse unless the estate of the predeceasing spouse elects to treat the property as QTIP.  Sec. 2056(b)(1), (7).[5]  The estate of the predeceasing spouse is denied a marital

---

[5] The QTIP election is available for estates of decedents
(continued...)

deduction for terminable interest property if that estate does not make the QTIP election.  These rules permit the predeceasing spouse's estate to choose QTIP treatment and thus defer taxation of a terminable interest, at the price of having it included in the gross estate of the surviving spouse under section 2044.

    C.    <u>Whether the Duty of Consistency Applies</u>

    1.    <u>Background</u>

The duty of consistency[6] prevents a taxpayer from benefiting in a later year from an error or omission in an earlier year which cannot be corrected because the time to assess tax for the earlier year has expired.  <u>Herrington v. Commissioner</u>, 854 F.2d 755, 757 (5th Cir. 1988), affg. <u>Glass v. Commissioner</u>, 87 T.C. 1087 (1986); <u>Southern Pac. Transp. Co. v. Commissioner</u>, 75 T.C. 497, 838-839 (1980).  The duty of consistency prevents a taxpayer who has benefited from a past representation from adopting a position inconsistent with that taken in a year barred by the statute of limitations; the doctrine thus prevents a taxpayer

---

    [5](...continued)
dying after Dec. 31, 1981.  Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 403(d) and (e)(1), 95 Stat. 172, 302, 305.

    [6] The duty of consistency is also referred to as quasi-estoppel.  E.g., <u>Cluck v. Commissioner</u>, <u>supra</u> at 331; <u>Mayfair Minerals, Inc. v. Commissioner</u>, 56 T.C. 82 (1971), affd. 456 F.2d 622 (5th Cir. 1972); see Johnson, "The Taxpayer's Duty of Consistency", 46 Tax L. Rev. 537, 544 (1991).

from claiming that he or she should have paid more tax before and so avoiding the present tax. Eagan v. United States, 80 F.3d 13, 16 (1st Cir. 1996); Lewis v. Commissioner, 18 F.3d 20, 26 (1st Cir. 1994), vacating and remanding in part T.C. Memo. 1992-391. Courts have applied the duty of consistency to prevent taxpayers from permanently excluding income that is taxable in some year,[7] e.g., Grayson v. United States, 437 F. Supp. 58, 60 (N.D. Ala. 1977), or from deducting the same expense in 2 or more taxable years, e.g., Robinson v. Commissioner, 181 F.2d 17, 18 (5th Cir. 1950), affg. 12 T.C. 246 (1949).

The roots of the taxpayer's duty of consistency are found in R.H. Stearns Co. v. United States, 291 U.S. 54 (1934), in which the Supreme Court applied the duty based on the principle that no one may base a claim on an inequity of his or her own making. Id. at 61-62; Alamo Natl. Bank v. Commissioner, 95 F.2d 622, 623 (5th Cir. 1938) ("It is no more right to allow a party to blow hot and cold as suits his interest in tax matters than in other relationships"), affg. 36 B.T.A. 402 (1937).[8]

---

[7] In Estate of Shelfer v. Commissioner, 103 T.C. 10 (1994), revd. 86 F.3d 1045 (11th Cir. 1996), the Commissioner did not contend that the duty of consistency applied, nor did we decide whether it applied.

[8] The U.S. Court of Appeals for the Eleventh Circuit, the court to which this case is appealable, adopted as binding

(continued...)

2.   Elements of the Duty of Consistency

The taxpayer's duty of consistency applies if:

(a) The taxpayer made a representation of fact or reported an item for tax purposes in one tax year;

(b) the Commissioner acquiesced in or relied on that fact for that year; and

(c) the taxpayer desires to change the representation previously made in a later tax year after the earlier year has been closed by the statute of limitations.[9]  LeFever v. Commissioner, 103 T.C. 525, 543 (1994), affd. 100 F.3d 778 (10th Cir. 1996); see also Kielmar v. Commissioner, 884 F.2d 959, 965 (7th Cir. 1989); Herrington v. Commissioner, supra at 758; Shook v. United States, 713 F.2d 662, 667 (11th Cir. 1983); Hess v. United States, 210 Ct. Cl. 483, 537 F.2d 457, 463 (1976); Beltzer v. United States, 495 F.2d 211, 212 (8th Cir. 1974); Cluck v. Commissioner, 105 T.C. 324, 332 (1995).  When these requirements are met, the Commissioner may act as if the previous

_____

[8](...continued)
precedent all of the decisions of the former U.S. Court of Appeals for the Fifth Circuit filed by Sept. 30, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[9] These elements were first stated in McMillan v. United States, 14 AFTR 2d 5704, 64-2 USTC par. 9720 (S.D. W. Va. 1964).

representation is true, even if it is not, and the taxpayer may not assert the contrary. <u>Herrington v. Commissioner</u>, <u>supra</u>.

The three elements of the duty of consistency refer to conflicting representations that are made by a taxpayer. However, as discussed next, the duty of consistency can also be applied to bind one person to a representation made by another where the two are deemed to be in privity. We will first decide whether the duty of consistency applies between the Estates of James Letts, Jr., and of decedent; we will then decide whether the three elements of the duty of consistency are present in this case.

3. <u>Whether the Estates of Decedent and Her Husband Are Subject to the Duty of Consistency</u>

Petitioner contends that the duty of consistency does not apply between decedent's estate and the Estate of James Letts, Jr. We disagree.

The duty of consistency can bind a beneficiary of an estate to a representation made on an estate tax return if the beneficiary was a fiduciary of the estate. <u>Beltzer v. United States</u>, <u>supra</u>; <u>Cluck v. Commissioner</u>; <u>supra</u> at 333; <u>LeFever v. Commissioner</u>, <u>supra</u> at 543; <u>Griffith v. United States</u>, 27 AFTR 2d 71-436, 71-1 USTC par. 9280 (N.D. Tex. 1971); <u>McMillan v. United States</u>, 14 AFTR 2d 5704, 64-2 USTC par. 9720 (S.D. W. Va. 1964);

accord <u>Hess v. United States</u>, <u>supra</u>.  A husband and wife can have interests so closely aligned that one may be estopped under the duty of consistency by a prior representation of the other. <u>Cluck v. Commissioner</u>, <u>supra</u> at 333-336.  The same can be true of the estates of a husband and a wife.  Whether there is sufficient identity of interests between the parties to apply the duty of consistency depends on the facts and circumstances of each case. <u>Id.</u> at 335.

There is a sufficient identity of interests between the Estates of James Letts, Jr., and of decedent to trigger the duty of consistency.  Decedent and James Letts, Jr., were married. Their estates were a single economic unit.  Decedent's husband left his estate to decedent, James P. Letts III, and JoAnne Magbee; and decedent left her estate to James P. Letts III and JoAnne Magbee.  Decedent was an executrix of her husband's estate.  James P. Letts III signed both estate tax returns. JoAnne Magbee is also a coexecutor of, and signed the estate tax return for, decedent's estate.

The U.S. Court of Claims did not apply the duty of consistency between an estate and its beneficiaries in <u>Ford v. United States</u>, 149 Ct. Cl. 558, 276 F.2d 17 (1960).  The U.S. Court of Claims in <u>Hess v. United States</u>, <u>supra</u>, and the U.S. Court of Appeals for the Eighth Circuit in <u>Beltzer v. United</u>

States, supra, applied the duty of consistency between an estate and its beneficiaries and distinguished Ford v. United States, supra, because the taxpayer-beneficiaries in Ford were minor children in Brazil who had no knowledge of what was written in their father's estate tax return in the United States. Here, in contrast to Ford, decedent was an adult, a coexecutor, and a beneficiary of the estate of her husband, James Letts, Jr., and James P. Letts III was a beneficiary of and signed the returns of the Estates of both James Letts, Jr., and decedent. Thus, the instant case is like the several cases cited above where the duty of consistency applied and is distinguishable from Ford v. United States, supra.

We conclude that decedent's estate and the Estate of James Letts, Jr., are sufficiently related to be treated as one taxpayer for purposes of the duty of consistency.

4. Whether the Duty of Consistency Applies Here

We next decide whether respondent has shown that the three elements of the duty of consistency are present here.

a. Whether the Taxpayer Made a Representation of Fact or Reported an Item for Tax Purposes

The Estate of James Letts, Jr., included the value of the Item II trust in the marital deduction. That estate was entitled

to claim the marital deduction for the property only (1) if it was not terminable interest property, or (2) if it was terminable interest property for which a QTIP election was made.

The Estate of James Letts, Jr., clearly indicated that the property was not QTIP. James P. Letts III, as executor for the Estate of James Letts, Jr., answered "No" to the question on line 4 of the return, "Do you elect to claim a marital deduction for qualified terminable interest property (QTIP) under section 2056(b)(7)?" Consistent with that answer, he did not separately list any terminable interest property in Schedule M. Thus, the estate eliminated one of the two grounds stated above for deducting the value of the Item II trust property as a marital deduction. The only other ground for including the value of the Item II trust property in the marital deduction would be if the Item II trust property was not terminable interest property. Thus, the Estate of James Letts, Jr., represented that the Item II trust property was not terminable interest property.

For purposes of the duty of consistency, a taxpayer's treatment of an item on a return can be a representation that facts exist which are consistent with how the taxpayer reports the item on the return. For example, a failure to report income

may be an implied statement of the facts relating to the taxpayer's receipt of the funds, which, under the duty of consistency, a taxpayer cannot later repudiate. Wentworth v. Commissioner, 244 F.2d 874, 875 (9th Cir. 1957) (not reporting the receipt of funds on an income tax return was a representation that the funds were a loan repayment), affg. 25 T.C. 1210 (1956); Doneghy v. Alexander, 118 F.2d 521, 524 (10th Cir. 1941) (not reporting interest in a trust as income was a representation that the taxpayer had zero basis in the trust); Portland Oil Co. v. Commissioner, 109 F.2d 479, 485-486 (1st Cir. 1940) (not reporting a sale in 1929 was a representation that the sale did not occur in 1929), affg. 38 B.T.A. 757 (1938).[10]

---

[10] Cf. Ross v. Commissioner, 169 F.2d 483, 496 (1st Cir. 1948), revg. and remanding a Memorandum Opinion of this Court dated Feb. 10, 1947. In Ross, the taxpayer's position on his earlier return was that his accrued salary was income when received. On his later return, the taxpayer's position was that he had constructively received his accrued salary in the earlier year. The U.S. Court of Appeals for the First Circuit did not estop the taxpayer from taking this position on the second return because the taxpayer's change in position related to a question of law, not a question of fact. Id. at 496. Also, unlike this case, in Ross, the Commissioner had detailed information about the accrued salaries before assessment of the earlier return was barred by the statute of limitations and before the later return was filed. Id. at 495-496. Thus, Ross is distinguishable from this case.

Petitioner listed the three elements for the duty of consistency in its brief, but did not argue that the first element is not satisfied.[11]  We conclude that the first element for the duty of consistency is satisfied.

b.    Whether the Commissioner Acquiesced in or Relied on the Reporting of the Item

Petitioner contends that respondent did not acquiesce in or rely on anything in the return of the Estate of James Letts, Jr., because respondent did not examine it.  We disagree.

The Commissioner acquiesces in or relies on a fact if a taxpayer files a return that contains an inadequately disclosed item of which the Commissioner was not otherwise aware, the Commissioner accepts that return, and the time to assess tax expires without an audit of that return.  Herrington v. Commissioner, 854 F.2d at 758; Mayfair Minerals, Inc. v. Commissioner, 56 T.C. 82, 91 (1971), affd. 456 F.2d 622 (5th Cir. 1972); see Spencer Medical Associates v. Commissioner, T.C. Memo. 1997-130; Hughes & Luce, L.L.P. v. Commissioner, T.C. Memo. 1994-559, affd. on another issue 70 F.3d 16 (5th Cir. 1995).  The

---

[11] Petitioner concedes that the negative QTIP answer is a representation on the return of the Estate of James Letts, Jr., for purposes of these elements.

Estate of James Letts, Jr., did not provide any facts to respondent that would show that the Item II trust property was terminable interest property. For example, the estate tax return of the Estate of James Letts, Jr., did not include a copy of his will. The Commissioner may rely on a presumption of correctness of a return or report that is given to the Commissioner under penalties of perjury. Hughes & Luce, L.L.P. v. Commissioner, supra. The time to assess tax against the Estate of James Letts, Jr., expired. Thus, the second element has been satisfied. Herrington v. Commissioner, supra; Mayfair Minerals, Inc. v. Commissioner, supra; Spencer Medical Associates v. Commissioner, supra; Hughes & Luce, L.L.P. v. Commissioner, supra.

     c.    Whether the Taxpayer Is Changing a Representation Previously Made After the Time To Assess Tax Has Passed

Petitioner represented on its estate tax return that the Item II trust property was terminable interest property. That representation is inconsistent with the representation made on the return of the Estate of James Letts, Jr., that the Item II trust property was not terminable interest property. Decedent died after the time to assess tax against the Estate of James Letts, Jr., had passed. Thus, the third element for the duty of consistency is satisfied.

Petitioner points out that both it and the Estate of James Letts, Jr., represented that the Estate of James Letts, Jr., did not elect to treat the Item II trust property as QTIP. However, the fact that both estates made a consistent representation about the QTIP election does not erase the fact that the estates made inconsistent representations about whether the Item II trust property was terminable interest property.

### d.   Conclusion

We conclude that all three elements for the duty of consistency are satisfied.

### 5.   Petitioner's Other Contentions

#### a.   Whether Applying the Duty of Consistency Circumvents the Statute of Limitations

Petitioner contends that applying the duty of consistency here would improperly circumvent the statute of limitations. We disagree. It is well established that the duty of consistency arises only if the time to assess tax on the first tax return has passed. See R.H. Stearns Co. v. United States, 291 U.S. at 61; Kielmar v. Commissioner, 884 F.2d at 965; Herrington v. Commissioner, supra at 757; Hess v. United States, 537 F.2d at 463; Beltzer v. United States, 495 F.2d at 212; Cluck v. Commissioner, 105 T.C. at 331-332; McMillan v. United States, 14 AFTR 2d 5704, 64-2 USTC par. 9720 (S.D. W. Va. 1964).

b.    <u>Whether This Is a Question of Law</u>

Petitioner contends that the duty of consistency does not apply if the inconsistency concerns a question of law and both the taxpayer and Commissioner have equal access to the facts. See <u>LeFever v. Commissioner</u>, 100 F.3d at 788; <u>Herrington v. Commissioner</u>, 854 F.2d at 758.  However, petitioner does not dispute that the doctrine applies if the inconsistency involves an issue of fact or a mixed question of fact and law.  <u>LeFever v. Commissioner</u>, 100 F.3d at 788; <u>Herrington v. Commissioner</u>, <u>supra</u>; <u>Mayfair Minerals, Inc. v. Commissioner</u>, 456 F.2d 622, 623 (5th Cir. 1972), affg. 56 T.C. 82 (1971).

Petitioner contends that the duty of consistency does not apply here because there is no inconsistency concerning a question of fact.  Petitioner contends that the only question is whether the Estate of James Letts, Jr., must strictly comply with QTIP election requirements before a QTIP election is made, which petitioner contends is a question of law.

We disagree.  The inconsistency at issue is whether the property James Letts, Jr., left to decedent is terminable interest property.  This is a mixed question of fact and law.  It is not purely a question of law.

Petitioner contends that the fact that the parties agreed to submit this case under Rule 122 shows that no facts are in dispute and only questions of law remain. We disagree. It is true that the facts are fully stipulated. It is also true that the stipulated facts show that the Estate of James Letts, Jr., by claiming the marital deduction for the value of the Item II trust property and not electing QTIP treatment for it represented in effect that the property was not terminable interest property, while decedent's estate represented that it was. Thus, the stipulated facts show that the two estates made inconsistent factual representations.

6. <u>Conclusion</u>

We conclude that the duty of consistency precludes petitioner from excluding the value of the Item II trust property from the gross estate.

To reflect the foregoing and concessions,

<u>Decision will be</u>

<u>entered under Rule 155</u>.