T.C. Memo. 2016-116

UNITED STATES TAX COURT

ROBERT J. SQUERI, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 12317-13, 12460-13,        Filed June 15, 2016.
                12464-13, 12465-13.

G. Michelle Ferreira and Courtney A. Hopley, for petitioners.

Lesley A. Hale, for respondent.

_____

[1]Cases of the following petitioners are consolidated herewith: Peter G. Dellanini and Rebecca R. Dellanini, docket No. 12460-13; Robert C. Nave, docket No. 12464-13; and Gregory D. Dellanini and Carol A. Dellanini, docket No. 12465-13.

[*2]                    MEMORANDUM OPINION

KERRIGAN, Judge:  For tax years 2009 and 2010 respondent determined the following deficiencies and penalties:[2]

Docket No. 12317-13--Robert J. Squeri

| Year | Deficiency | Penalty sec. 6663(a) |
|------|------------|----------------------|
| 2009 | $305,562 | $229,172 |
| 2010 | 69,486 | 52,115 |

Docket No. 12460-13--Peter G. Dellanini and Rebecca R. Dellanini

| Year | Deficiency | Penalty sec. 6663(a) |
|------|------------|----------------------|
| 2009 | $144,826 | $108,620 |
| 2010 | 56,192 | 42,144 |

---

[2]For tax year 2011 respondent determined overassessments of $153,797 for Robert Squeri, $41,684 for Peter and Rebecca Dellanini, $13,901 for Robert Nave, and $26,053 for Gregory and Carol Dellanini.  For tax year 2010 respondent determined an overassessment of $1,766 for Gregory and Carol Dellanini.

[*3] Docket No. 12464-13--Robert C. Nave

| Year | Deficiency | Penalty sec. 6663(a) |
|------|-----------|----------------------|
| 2009 | $53,973 | $40,480 |
| 2010 | 18,529 | 13,897 |

Docket No. 12465-13--Gregory D. Dellanini and Carol A. Dellanini

| Year | Deficiency | Penalty sec. 6663(a) |
|------|-----------|----------------------|
| 2009 | $82,965 | $62,224 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The parties filed a stipulation of settled issues. The remaining issue for our consideration is whether petitioners are bound under the doctrine of the duty of consistency to recognize $1,634,720 in gross receipts that Preferred Building Services, Inc. (PBS), received in 2008 as income for tax year 2009, the year for which it was reported.

**[*4]**                                                   Background

These four consolidated cases were submitted fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. At the time of filing the consolidated petitions, all petitioners resided in California.

PBS is a full-service janitorial business organized as a California subchapter S corporation. Petitioners Robert Squeri and Gregory Dellanini organized PBS in 1992. Peter Dellanini joined PBS in 1995. Peter is the son of Gregory. Robert Nave joined PBS in or about 1998.[3] Robert Squeri graduated from California State University Hayward with a degree in history and is the chief executive officer of PBS. Gregory Dellanini is the president of PBS. Peter Dellanini is the vice president of PBS. Robert Nave is the general manager of PBS.

Robert Squeri, Gregory Dellanini, Peter Dellanini, and Robert Nave are shareholders of PBS. During 2009, 2010, and 2011 (tax years at issue) the shares of stock of PBS were held as follows:

| Shareholder | Shares (percent) |
| --- | --- |
| Robert Squeri | 51 |
| Gregory Dellanini | 15 |

---

[3]The stipulation of facts states 1989, which we believe is a typographical error and should be 1998.

[*5] Peter Dellanini           24

Robert Nave           10

During the tax years at issue and in 2008 PBS was a cash basis taxpayer. PBS determined the gross receipts reported on its Forms 1120S, U.S. Income Tax Return for an S Corporation, using the deposits made into its bank accounts during the calendar year. During the tax years at issue and in 2008 PBS maintained two bank accounts. Both Robert Squeri and Gregory Dellanini had signatory authority over both accounts during the tax years at issue.

PBS deposited checks that were probably received in 2008 totaling $1,634,720 into its bank account in January 2009. PBS deposited checks that were probably received in 2009 totaling $1,893,851 into its bank account in January 2010. PBS deposited checks that were probably received in 2010 totaling $2,271,175 into its bank account in January 2011. PBS deposited checks that were probably received in 2011 totaling $1,564,602 into its bank account in January 2012.

PBS timely filed 2009, 2010, and 2011 Forms 1120S. On its Forms 1120S PBS reported its gross receipts as follows:

| Year | Gross receipts |
|------|----------------|
| 2009 | $7,217,362 |

[*6]    2010                7,934,376

         2011                8,716,194

PBS determined the reported gross receipts on the basis of the deposits made into its bank accounts during the calendar year.  The reported gross receipts did not include the checks that were received in each year at issue but deposited in January of the following year.  Rather, each year's reported gross receipts included the checks that were deposited in the year at issue but received in the prior year.

Petitioners all filed timely Forms 1040, U.S. Individual Income Tax Return, that reported their proportionate shares of income from PBS on their Schedules E, Supplemental Income and Loss.  Petitioners Gregory Dellanini and Peter Dellanini filed joint returns with their spouses, Carol Dellanini and Rebecca Dellanini, respectively.

Respondent issued petitioners notices of deficiency on March 6, 2013.  In the notices respondent determined that PBS had improperly computed its gross receipts by excluding the checks that were received during the last quarter of each tax year at issue.  In calculating the adjustment to PBS' gross receipts for each tax year at issue except 2009, respondent:  (i) included the checks that were received in the year at issue but deposited by PBS in January of the following year and (ii) excluded the checks that were deposited in January of the tax year at issue, but

[*7] received in the prior year. To illustrate: respondent adjusted the 2010 gross receipts by excluding the checks that had been received in 2009 but deposited in January 2010 and by including the checks that had been received in 2010 but deposited in January 2011. For 2009, however, respondent did not do the second adjustment and did not exclude the checks that had been received in the prior year, 2008, but deposited in January 2009.

## Discussion

The parties do not dispute that PBS incorrectly computed its gross receipts by using bank account deposits. Respondent contends that under the duty of consistency, petitioners should be required to include on their 2009 returns amounts of 2008 income, as they originally reported. Petitioners contend that gross receipts of $1,634,720 should be excluded from their 2009 income because they were actually received in 2008 and that respondent does not have authority to make adjustments for petitioners' 2008 tax year. Petitioners further contend, and respondent does not dispute, that the Tax Court does not have jurisdiction to make adjustments for their 2008 tax year and that the period of limitations for tax year 2008 is closed. See secs. 6214(b), 6501(a).

Section 441(a) requires that taxable income be computed on the basis of the taxpayer's taxable year. Section 441(b)(1) defines a "taxable year" as a taxpayer's

[*8] annual accounting period in the case of a calendar year or a fiscal year. A taxpayer's "annual accounting period" is the annual period on the basis of which the taxpayer regularly computes his income in maintaining his accounting books. Sec. 441(c).

For purposes of calculating taxable income, section 451(a) provides that all items of income received in a taxable year must be reported as income for that taxable year unless the method of accounting requires that the item be accounted for in a different tax period. We have held that income properly accruable for one year is not deemed income for some other year, even if it was not reported for the proper year. See Policy Holders Agency, Inc. v. Commissioner, 41 T.C. 44, 48 (1963); see also Commissioner v. Mnookin's Estate, 184 F.2d 89 (8th Cir. 1950), aff'g 12 T.C. 744 (1949). Because PBS is a cash method taxpayer, all of the checks received in 2008 should have been included in PBS' gross receipts for tax year 2008.

The duty of consistency, or quasi-estoppel, is an equitable doctrine which prevents a taxpayer from benefiting in a later year from an error or omission in an earlier year which cannot be corrected because the limitations period for the earlier year has expired. Estate of Letts v. Commissioner, 109 T.C. 290, 296 (1997), aff'd without published opinion, 212 F.3d 600 (11th Cir. 2000).

**[\*9]** The Court of Appeals for the Ninth Circuit, to which an appeal of these cases would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), and whose law we therefore follow when it is squarely on point, see Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971), has held:

> When all is said and done, we are of the opinion that the duty of consistency not only reflects basic fairness, but also shows a proper regard for the administration of justice and the dignity of the law. The law should not be such a[n] idiot that it cannot prevent a taxpayer from changing the historical facts from year to year in order to escape a fair share of the burdens of maintaining our government. Our tax system depends upon self assessment and honesty, rather than upon hiding of the pea or forgetful tergiversation.

Janis v. Commissioner, 461 F.3d 1080, 1085 (9th Cir. 2006) (quoting Estate of Ashman v. Commissioner, 231 F.3d 541, 544 (9th Cir. 2000), aff'g T.C. Memo. 1998-145), aff'g T.C. Memo. 2004-117.

The Court of Appeals for the Ninth Circuit has held that for the duty of consistency to apply, the following requirements must be met: (i) a representation or report by the taxpayer, (ii) reliance by the Commissioner, and (iii) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner. Estate of Ashman v. Commissioner, 231 F.3d at 545. If all those elements are present, the Commissioner may act as if the previous representation,

**[*10]** on which he relied, continues to be true, even if it is not. Id. The taxpayer is estopped to assert the contrary.

The duty of consistency is an affirmative defense. Estate of Ashman v. Commissioner, T.C. Memo. 1998-145. Therefore, the party asserting the duty of consistency bears the burden of proving that it applies; thus respondent bears the burden. See Rule 142(a).

A.    Representation or Report by the Taxpayer

In applying the first element of the duty of consistency, the Court of Appeals for the Ninth Circuit requires that a taxpayer make a representation or report. Petitioners contend that while they made a mistaken representation, it was consistent, and they rely upon Rivers v. Commissioner, 49 T.C. 663 (1968). In Rivers the taxpayer transferred assets to two corporations in exchange for shares of stock and promissory notes. The corporations made payments on the notes, but the taxpayer did not include any portion of the principal payments on the notes in his tax returns for 1951 through 1960. The Commissioner argued that the taxpayer should be required to report the income under the duty of consistency and the payments should be construed such that all of the early payments, made during years that were not at issue in the case, were payments for the recovery of basis in their entirety, rather than prorating the basis among all of the payments. Id. at 667.

**[\*11]** We stated that the duty of consistency requires the taxpayer to take a consistent position with regard to a similar transaction for different tax years. We reasoned that the taxpayer had taken a consistent position with respect to the notes for all of the tax years. Id.

Rivers is distinguishable from the instant cases because we are not being asked to reach a conclusion that conjures a scenario. In Rivers the taxpayer failed consistently to report income from the notes and the Commissioner asked that we disregard the consistency of his reporting. In the instant cases petitioners consistently reported income on the basis of their bank deposits, and respondent is asking that we hold them to this consistent reporting.

The instant cases are more analogous to Estate of Ashman v. Commissioner, 231 F.3d 541. In Estate of Ashman the taxpayer reported that an IRA rollover had occurred in an earlier tax year. In the tax year at issue after the statute of limitations had expired for the earlier year, the taxpayer argued that the income she had received from the IRA distribution was not taxable for the year received because the money had not been properly rolled over and so should have been taxable for the year received. Under the duty of consistency the court held the taxpayer to her earlier position, even though it was incorrect. The court held that she had made "a clear representation" when she "declared as a matter of fact" on

[*12] her tax return that the funds had been properly rolled over. Id. at 545; see also Estate of Letts v. Commissioner, 109 T.C. at 299-300 ("[A] taxpayer's treatment of an item on a return can be a representation that facts exist which are consistent with how the taxpayer reports the item on the return."). In the instant cases petitioners made a clear representation on the 2009 Form 1120S for PBS when they represented that PBS had received the $1,634,720 of gross receipts in 2009. This element of the duty of consistency has been met.

B.      Reliance by the Commissioner

The second element of the duty of consistency is reliance by the Commissioner on the taxpayer's representation. "Caselaw establishes that the necessary acquiescence exists where a taxpayer's return is accepted as filed; examination of the return is not required." Arberg v. Commissioner, T.C. Memo. 2007-244, slip op. at 32. "The Commissioner may rely on a presumption of correctness of a return or report that is given to the Commissioner under penalties of perjury." Estate of Letts v. Commissioner, 109 T.C. at 301.

Petitioners claim that respondent did not reasonably rely on petitioners' representation because respondent knew that the notices of deficiency did not accurately reflect petitioners' income from 2009. Respondent had already relied upon petitioners' representations by accepting the 2008 tax returns and allowing

**[*13]** the statutory period of limitations to expire. See Estate of Ashman v. Commissioner, 231 F.3d at 546 (citing Herrington v. Commissioner, 854 F.2d 755, 758 (5th Cir. 1988), aff'g Glass v. Commissioner, 87 T.C. 1087 (1986), and Mayfair Minerals, Inc. v. Commissioner, 456 F.2d 622, 623 (5th Cir. 1972), aff'g 56 T.C. 82 (1971)). This element of the duty of consistency has been met.

C.    Taxpayers' Change in Position After Period of Limitations Has Expired

The third element of the duty of consistency requires an attempt by the taxpayer after the statutory period of limitations has expired to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner.

Petitioners admit that reporting the 2008 payments for 2008 rather than for 2009 would be inconsistent with their previous reporting. The period of limitations has expired on the 2008 tax year, and allowing petitioners to recharacterize their income as belonging in 2008 would harm the Commissioner; it would allow petitioners to avoid tax on $1,634,720.

We find respondent has established that all of the elements for the duty of consistency have been met.

**[\*14]** D.     <u>Mistake of Fact or Law</u>

Petitioners additionally argue that the duty of consistency doctrine does not apply because their mistake was one of law and not of fact.  In support of this contention petitioners point to <u>Banks v. Commissioner</u>, 345 F.3d 373, 388 (6th Cir. 2003), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2001-48, <u>rev'd on other issues</u> 543 U.S. 426 (2005), and to <u>LeFever v. Commissioner</u>, 100 F.3d 778, 787 (10th Cir. 1996), <u>aff'g</u> 103 T.C. 525 (1994).  The Court of Appeals for the Ninth Circuit has looked to whether there was a representation by the taxpayer.  <u>See</u> <u>Estate of Ashman v. Commissioner</u>, 231 F.3d at 545.  In the instant cases there was a representation by petitioners.

We conclude that the duty of consistency requires that the $1,634,720 in gross receipts that PBS received in 2008 but reported for 2009 be recognized as income for tax year 2009.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.